ALEXANDER J. NIMMO

*v.*

ANDREW J. KUYKENDALL.

1. NEW TRIAL—*finding by the court.* Where matters of fact are submitted to the court without a jury, the finding of the court must have the same force and effect as the verdict of a jury.

2. BILL OF EXCEPTIONS—*presumption to sustain judgment.* Where the bill of exceptions does not purport to contain all the evidence, it will be presumed there was enough to sustain the finding of the court, and the judgment will not be disturbed where no exception is taken to the finding of the court, or any motion made for a new trial.

3. ASSIGNMENT FOR BENEFIT OF CREDITORS—*its fairness.* Where an assignment is made by a debtor for the benefit of his creditors, generally, without any preference, or indications of fraudulent intent, a few days before the recovery of judgment against him, it will be sustained, and pass the title to the assignee, and he may maintain replevin for the same as against the sheriff levying an execution upon the same.

4. SAME—*fairness of, a question of fact.* The question of fairness in an assignment for the benefit of creditors, is one of fact, for the finding of a jury, and their finding, where the question is fairly submitted, will not be disturbed.

APPEAL from the Circuit Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. JACKSON FRICK, for the appellant.

Mr. ANDREW D. DUFF, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was replevin in the *cepit* and *detinet*, in the Union circuit court, wherein Andrew J. Kuykendall was plaintiff, and Alexander J. Nimmo defendant, the matter in controversy being certain goods, wares and merchandise, which the defendant, as sheriff, had levied upon as the goods and chattels of one Philip Mead, by virtue of sundry executions in his hands against Mead, issued upon judgments regularly entered against

Mead in the county court of Union county, on the twelfth of January, 1875.

The plaintiff claimed the property in virtue of a deed of assignment made by Mead to him on the ninth day of January, 1875, three days prior to the rendition of the several judgments, for the benefit of Mead's creditors, without any reservation or exceptions whatever, and the only question is as to the fairness and legality of this transaction.

Appellant contends the assignment was made by Mead to hinder, delay and defraud his creditors, and therefore null and void as against these executions.

This question was fairly and fully submitted to the court for determination instead of a jury, and the finding of the court, on the authority of repeated decisions of this court, must have the same force and effect as the verdict of a jury.

We can not say the court decided wrong, for the bill of exceptions does not purport to contain all the evidence, and we must presume there was sufficient evidence to warrant the court in the finding. Nor does it appear any exception was taken to the finding, or any motion made for a new trial. According to the doctrine of this court, as repeatedly declared, no motion for a new trial having been made, we can not examine into the question of the propriety of the finding. *Reichwald* v. *Gaylord et al.* 73 Ill. 503; *Choate* v. *Hathaway*, id. 518, and previous cases; *Bills* v. *Stanton*, 69 ib. 51. But looking at the testimony found in the bill of exceptions, we are not of opinion the finding should be disturbed. The assignment in this case was made evidently for the purpose of benefiting all the creditors of Mead. It was a general assignment for that purpose, and does not come within the scope of *Thornton* v. *Davenport et al.* 1 Scam. 296, and kindred cases. The proof fails to disclose any indications of fraud, certainly no stronger indications than were manifested in *Powers* v. *Green*, 14 Ill. 387, which was an assignment by a debtor in failing circumstances, giving preference to certain creditors. The jury there held the assignment valid, and this court refused to disturb the verdict, although stronger circumstances

of fraudulent intent were there disclosed, yet the jury found the transaction was fair, and this court would not interfere. So here, the court having found this transaction free from fraud, or fraudulent intent, we can not interfere to set aside the finding. But we are disposed to concur fully with the circuit court, that the transaction was a fair one, made in good faith and for an honest purpose.

This court said, in *Wilson* v. *Pearson, assignee*, 20 Ill. 81, a debtor, in failing circumstances, may make an assignment for the benefit of his creditors, and if fairly done it passes the title to his property to his assignee. The question of fairness of the transaction is one of fact, for the finding of the jury, and their finding, when the question is properly submitted, will not be disturbed. Here, the court, sitting as a jury, has found in favor of the assignment, and there is nothing in the record requiring this court to gainsay it.

The judgment is affirmed.

*Judgment affirmed.*