## BRIGGS FULLER

### v.

## JOHN BATES.

1. MOTION TO STRIKE OUT RECORD.—Leave was given to appellant to move the court below to amend the bill of exceptions by adding the words "the above was all the evidence offered by either of said parties." The amended record sent up from the trial court, shows that no order so amending the bill of exceptions was made by the court, but the amendment was inserted in the record by the clerk. A motion in this court therefore to strike said words from the amended record will be sustained.

2. BILL OF EXCEPTIONS—MUST CONTAIN ALL THE EVIDENCE.—The bill of exceptions then failing to show that it contains all the evidence given, this court will presume that there was evidence sufficient to support the verdict, and the judgment will be affirmed.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed June 17, 1880.

Messrs. RICHOLSON & SNOW, Mr. ROBERT RAE and Mr. L. E. HAYNES, for appellant; that affidavits are not admissible to im-

Fuller v. Bates.

peach a record sent up on appeal, cited Bergen v. Riggs, 40 Ill. 61; Ill. Cent. R. R. Co. v. Garish, 40 Ill. 70; Bates v. Ball, 72 Ill. 108; Village of Hyde Park v. Dunham, 85 Ill. 571; Horn v. Gintz, 63 Ill. 535; Gardner v. Russell, 78 Ill. 292; Mains v. Cosner, 67 Ill. 536; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Long v. Lynn, 71 Ill. 152; Grassly v. Adams, 71 Ill. 550.

The record should be amended by the court below: Owen v. Stevens, 78 Ill. 462; Beese v. Becker, 51 Ill. 82; Newman v. Ravenscroft, 67 Ill. 496; Church v. English, 81 Ill. 442; Goodrich v. Minonk, 62 Ill. 121; Richardson v. Mills, 66 Ill. 526.

Messrs. JORDON & STOUGH and Messrs. DOUD & WING, for appellee; in support of the motion, cited Buckmaster v. Beames, 4 Gilm. 443; Evans v. Fisher, 5 Gilm. 569; Becker v. Sauter, 89 Ill. 596; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Servatins v. Pickel, 30 Wis. 507; O'Flynn v. Holmes, 7 Mich. 454; O'Flynn v. Eagles, 8 Mich. 136; 1 Tidd's Pr. 715; 1 Salk. 269; 2 Str. 765.

The bill of exceptions not containing all the evidence, the judgment will be affirmed: Board of Trustees v. Minzesheimer, 89 Ill. 151; Ballance v. Leonard, 37 Ill. 43; Ottowa Gas Light Co. v. Graham, 35 Ill. 346; Hayward v. Catton, 1 Bradwell, 577.

LACEY, J.   The motion in this cause is made at this term of court to strike the additional record filed herein from the files, also to strike out from the said additional record the following sentence from the bill of exceptions, to-wit: "The above was all the testimony offered by either of the parties to this cause on the trial in this court." This motion was continued to the hearing of the case and must be first decided.

At the June Term, A. D. 1879, the words above quoted were stricken from the bill of exceptions by this court on appellee's motion, it appearing from the record then filed that the words were no part of the bill of exceptions as originally signed and filed; that on the 18th day of June, A. D. 1879, in vacation, after the March Term, A. D. 1879, of the Grundy Circuit

Court, the judge who had tried the cause on motion caused to be added the above words to the original bill of exceptions, this court then deciding that the judge in vacation had no jurisdiction or power to amend the record. The cause was then continued to give the appellants time to move the court below in term time to amend the record and insert the words above quoted, if the court on a hearing of the motion would so order. The appellant has filed what he calls an amended record, which is a copy of the first record as presented last June term before the words were stricken out, and filed no record of the court below showing that the record was amended by order of the court in term time.

The appellee files an additional record, certified by the clerk to be a true, perfect and complete copy of all orders made and entered of record at the Nov. Term, A. D. 1879, of the Circuit Court.

It appears from the amended record last filed that while certain amendments were made in the bill of exceptions, the words above quoted, moved by appellee to be stricken out, were not ordered to be inserted by the court. The whole record in this case shows that the words as they originally appeared in the bill of exceptions were wrongfully inserted by the judge in vacation. The record of this court shows that they were stricken out. The additional record filed by appellee shows negatively that the words were never added to be made a part of the bill of exceptions by the court below.

We must then conclude, from the whole record, that the clerk of the circuit court in making up the amended record filed by appellant, simply re-copied the words in question, and certified them as a part of the record, not knowing that they had been adjudged by this court not to be a proper portion of the record and had been stricken out. This being the case, the motion made by the appellee to strike the words, to wit: " The above was all the testimony offered by either of the parties to this cause on the trial in this court," from the bill of exceptions contained in the amended record filed, is sustained, and the words ordered to be stricken out, which is hereby accordingly done.

There being now no certificate of evidence contained in the bill of exceptions, and signed by the judge, that it contained all the evidence given and heard on the trial of the cause, this court will presume that there was evidence sufficient to support the verdict and judgment of the court below. The presumptions are in favor of the rightful action of the circuit court. Board of Trustees v. Misenheimer, 89 Ill. 151; Balance v. Leonard, 37 Ill. 44; Buckland v. Goddard, 36 Ill. 208; Ottawa Gas Light & Coke Co. v. Graham, 35 Ill. 348.

The judgment of the court below is therefore affirmed.

Affirmed.