Thomas L. James

*v.*

S. Parkman Dexter *et al.*

*Filed at Ottawa May 15, 1885.*

1. Bill of exceptions—*its requisites, as purporting to contain all the evidence, to authorize a reversal.* The Appellate Court can not say whether the finding of the trial court upon issues of fact upon an interpleader in an attachment case was correct or not, where the bill of exceptions does not purport, on its face, to contain all the evidence, and may for that reason affirm the judgment, the presumption in such case being that there was sufficient evidence to sustain the finding of the trial court.

2. Same—*necessity of showing that a motion for a new trial was made—and exception taken.* Where the bill of exceptions in a case fails to show that any motion was made for a new trial, and that an exception was taken to the action of the court in overruling the motion, no reversal of the judgment can be had. It is not sufficient that the transcript of the record as made up by the clerk shows that such motion was made and overruled, and an exception taken. These facts must appear in the bill of exceptions, to justify the Appellate Court in reversing.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. Charles L. Easton, for the appellant.

Messrs. Moses & Newman, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

It appears from the record in this case, that on the 24th day of September, 1883, the firm of F. Mayer & Co., residing in and doing business in the city of New York, in accordance with the laws of New York, made a deed of assignment of their effects to Simon Danzig, also a resident of that State, for the benefit of their creditors, with a provision for paying certain of them in full. Among their unpreferred creditors

were the plaintiffs in this suit, S. P. Dexter & Co., merchants, doing business at the time in the city of New York. On the 10th day of November, 1883, S. P. Dexter & Co. commenced a suit in attachment, in the Superior Court of Cook county, against the firm of F. Mayer & Co., to recover a large sum of money for goods sold and delivered to them, and garnisheed a number of parties residing in Chicago, as debtors to the attachment defendants. It seems that afterwards such proceedings were had, in the proper court in New York, that Simon Danzig, the original assignee, was removed for what was thought to be a proper cause, and Thomas L. James was appointed his successor. Prior to his removal Simon Danzig had interpleaded, and claimed the funds attached as belonging to him, as assignee of F. Mayer & Co., under the assignment that had previously been made to him. Afterwards, on the 12th day of January, 1884, James was substituted in the place of Danzig as interpleading assignee, and filed his amended petition, in which he set up, in addition to the making of the assignment, the proceedings that were instituted by plaintiffs in the courts of New York in reference to the removal of Danzig as assignee. The issues made on the petition of the interpleading claimant were, by agreement of parties, submitted to the court for trial without the intervention of a jury, and the court, after hearing the evidence submitted, found the issues against the interpleader, and refused to direct that the funds attached should be paid to him, and rendered final judgment that plaintiffs in the attachment recover from the garnishees the moneys due from them to the attachment debtors. That decision, or the denial to grant the order asked for by the interpleader, was affirmed, on his appeal, in the Appellate Court for the First District, and he now brings the case to this court on his further appeal.

The principal error assigned in the Appellate Court is, that the Superior Court erred in "finding the issues involved," in favor of plaintiffs, and against the interpleader. Other errors

were assigned, but they all arise or spring from this alleged erroneous finding.

There is one reason why the merits of the case could not be considered in the Appellate Court, nor can it be done in this court.   It is, that the bill of exceptions contains no statement or certificate by the judge before whom the cause was tried that it contains all the evidence that was introduced by both parties.   It is seen all the allegations of the petition of the intervening claimant "were put at issue, and severally denied" by plaintiffs, and whether the finding as to them was correct or not can not be considered on appeal, unless where the bill of exceptions purports to contain all the evidence introduced at the trial.   In *Nimmo* v. *Kuykendall*, 85 Ill. 476, this court said:   "We can not say the court decided wrong, for the bill of exceptions does not purport to contain all the evidence, and we must presume there was sufficient evidence to warrant the court in the finding."   Numerous other cases in this court declare the same doctrine, so that the practice in that respect is now well settled.   It may be it was for this reason the Appellate Court affirmed the judgment of the trial court as to its finding upon the issues involved.   If so, its decision was fully justified by the previous decisions of this court.

But there is another reason, equally conclusive, why the Appellate Court could not review the judgment of the trial court.   It does not appear from the bill of exceptions any motion for a new trial was made in the Superior Court, or that any exceptions were taken to the finding and judgment of the court.   It is true it does appear from the transcription of the record, as made up by the clerk, a motion was made for a new trial, and that exceptions were taken to the decision of the court overruling the motion.   But that is not sufficient.   It must appear, as has been held by this court in numerous decisions, that the fact a motion for a new trial was made and overruled, and exceptions taken,—or, where the trial is by the court without a jury, that exceptions were taken

to the finding and decisions of the court,—are contained and are preserved in a bill of exceptions, otherwise the case will not be reviewed in the Appellate Court. *Dickhut* v. *Durrell,* 11 Ill. 72; *Parsons* v. *Evans,* 17 id. 238; *Manufacturing Co.* v. *Horton,* 74 id. 310; *Law* v. *Fletcher,* 84 id. 45; *Snell* v. *Church,* 58 id. 291. Many other cases holding the doctrine are referred to in the cases cited. In *Parsons* v. *Evans, supra,* the trial was before the court, as in this case, without a jury, and this court said: "The bill of exceptions embodies the *evidence,* but fails to show that any exception was taken to the decision of the court, or that a motion was made for a new trial, overruled, and the decision of the court excepted to." And it was further said, "the statute gives the right, in such cases, to assign error only where the decision assigned for error was excepted to,"—and for that reason the court refused to consider the errors assigned. In passing upon this precise question in *Manufacturing Co.* v. *Horton, supra,* it was said by this court: "If it should be said that the order allowing the appeal states that exceptions were taken, the answer is, that the exceptions do not appear in the bill of exceptions." That is the precise case here. The order allowing the appeal does state the motion made for a new trial was overruled, and exceptions taken by the interpleading claimant, but it does not appear in the bill of exceptions any such motion was made, or that any exceptions were taken to the finding and decision of the court,—so that, in any view that can be taken of the case presented by the record, the questions discussed by counsel were not properly before the Appellate Court for decision, and no error is perceived in its judgment.

The judgment will be affirmed.

*Judgment affirmed.*