City of Rock Island v. Riley.

*Reversed and remanded.*

---

CITY OF ROCK ISLAND

V.

MARY RILEY.

*Practice—Bill of Exceptions—Certificate of Clerk.*

1. An objection to the instructions given, and that the evidence does not support the verdict, can not be considered by this court unless it appears by the bill of exceptions that exception was taken to the instructions in the court below, and to the refusal of said court to award a new trial.

2. Only the presiding Judge can certify what his rulings were and what exceptions were taken thereto. The certificate of the clerk is insufficient to make such matters part of the record.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. WILLIAM McENIRY, for appellant.

Messrs. W. H. GEST and P. O'MARA, for appellee.

BAKER, J. This was a case by appellee against appellant for injuries received on a defective sidewalk. The results of a jury trial were verdict and judgment for plaintiff below for $800 damages.

The grounds urged by appellant for a reversal of the judgments are, that the evidence does not support the verdict, and that the trial court gave erroneous instructions. To this it is objected by appellee that no exception was taken to the action of the court in giving the instructions asked by her; and that it does not appear from the record that a motion for a new trial was made and overruled, and exception taken to such ruling of the court.

Unless exception was taken to the instructions in the court below, and unless the court was asked to give a new trial and refused so to do, and exception was thereupon taken to such decision, the rule is that the matter of such instructions and the question whether or not the evidence at the trial sufficiently sustained the verdict of the jury, can not be inquired into in an appellate tribunal.

It is also the rule, that the actions and decisions of the court in respect to these several matters, and the exceptions interposed in regard thereto, must be preserved in a bill of exceptions signed and sealed by the Judge and filed in the court, and that otherwise than as indicated these matters and exceptions do not become a part of the record. They form no part of the record proper in a suit at law; and no mere certificate of the clerk of the court can make them a record. The presiding Judge of the court, and no one else, is permitted to certify what his rulings were, and what exceptions were taken thereto.

The bill of exceptions which is incorporated in the record of this case, shows what instructions were given at the instance

of appellee, but it does not appear therefrom that a motion for a new trial was either made or overruled, or that any exception was taken to any supposed action of the court in refusing to allow such a motion. In the transcript filed in this court, on a page following that on which the bill of exceptions closes and on which the signature and seal of the presiding Judge appear, there are certain written statements to the effect that the defendant excepted to the instructions given for the plaintiff, and to the effect a motion for a new trial was made and overruled and an exception taken to such overruling. These statements are not in the bill of exceptions as signed and sealed by the Judge and certified by the clerk; nor do they purport to be any part of the bill of exceptions. Assuming these entries were placed in the transcript by the clerk and are certified by him to be a part of the record, we must hold, what has frequently heretofore been held, that the clerk's certificate can not make them a record.

The points we have suggested are so well settled and so familiar to the profession, that the citation of authorities in that behalf is needless.

We are precluded from any consideration of the assignments of error relied upon by appellant. The judgment is affirmed.

*Judgment affirmed.*