In re Annie Barnes.

---

### In re Annie Barnes, a Dependent Girl.

*Practice—Amendment of Record.*

The record can not be amended from the judge's knowledge but only from his minutes, after the expiration of the term.

[Opinion filed August 8, 1888.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Mr. N. M. Jones, for appellant.

A uniform line of decisions runs through our Appellate and Supreme Courts, beginning in the 24th Illinois, announcing and emphasizing the doctrine concisely laid down in the case of Robinson v. Brown, 82 Ill. 279, " that the court had no power at a subsequent term to change the judgment in any material respect." We simply refer to a few of the more prominent and pronounced cases: Cook v. Wood, 24 Ill. 297; Oetgen v. Ross, 36 Ill. 335; Messervey v. Beckwith, 41 Ill. 452; McKindley v. Buck, 43 Ill. 488; Lill v. Stookey, 72 Ill. 495; Dunham v. So. Park Comm'rs, 87 Ill. 185; Becker v. Sauter, 89 Ill. 596; Goucher v. Patterson, 94 Ill. 525; Gillett v. Booth, 6 Ill. App. 424; Kihlkolz v. Wolff, 8 Ill. App. 371.

Mr. F. E. HALLIGAN, for appellee.

The court made the record show the judgment " then and there ordered and made," and nothing more. This was the duty of the court and was within its power.

Freeman on Judgments, section 72, uses the following language :

" The doctrine in this country in reference to amendments of records may be said to have crystallized into the following legal propositions, namely : That any error or defect in a record which occurs through the act or omission of the clerk of the court in entering, or failing to enter of record, its judgments or proceedings, and is not an error in the express judgment pronounced by the court in the exercise of its judicial discretion, is a mere clerical error, and amendable, no matter in how important a part of the record it may be; and when the error or defect is in respect to the entry of some judgment, order, decree or proceeding to which one of the parties to the cause was of right entitled, and as a matter of course, according to law and the established practice of the court, it will sometimes be presumed to have occurred through the misprision of the clerk, and will always be amendable, if from other parts of the record, or from other convincing and satisfactory proofs, it can be clearly ascertained what judgment, order or decree the party was entitled to."

In Ives v. Hulce, 17 Ill. App. 30, the court says :

In re Annie Barnes.

"This we understand to be the crucial test as to whether an amendment should be allowed, and upon principle it is not very material whether the misprision is that of the judge or clerk, if the sentence which the court intended has not been entered up."

To the same effect, Wyman v. Buckstaff, 24 Wis. 477. Also, Kilmer v. People, 106 Ill. 529; Gaff v. Spellmeyer et al., 13 Ill. App. 294; Tucker v. Hamilton, 108 Ill. 464; O'Conner v. Wilson, 57 Ill. 226; Dunham v. S. Park Com'rs, 87 Ill. 185; Coughran v. Gutcheus, 18 Ill. 390; Cook v. Wood, 24 Ill. 295; Church v. English, 81 Ill. 442; Lill v. Stookey, 72 Ill. 495; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419.

GARNETT, J.   On May 26, 1887, the County Court of Cook County entered a final order in this cause, appointing Mrs. G. B. Marsh guardian of Annie Barnes, and directing the latter to be committed to the Illinois Industrial School for Girls at Chicago, to be kept there until she arrives at the age of eighteen years, unless sooner discharged according to law. On October 6, 1887, in the September term of the court, on motion of Ida Barnes, mother of Annie, another order was entered in the cause amending the order of May 26, 1887, so as to give the court the power (among other things) to vacate the same so far as it directed a commitment to that school and the appointment of a guardian, and the order of commitment and appointment of the guardian was, by the last order, set aside, and a commitment to another school and the appointment of another guardian ordered.

The Industrial School excepted to the order of October 6, 1887, and seeks to reverse the same on this appeal.

The amended order recites that the amendment was omitted from the original order by inadvertence and mistake, and it is stated in the bill of exceptions that the court knew of its own knowledge the facts in relation to the original judgment and on which the record thereof was amended.

The amendment was substantial, and could not be made from the knowledge of the judge. It must be based on the

154    APPELLATE COURTS OF ILLINOIS.

VOL. 27.]    Mechanics Loan & Trust Co. v. American Ex. Nat. Bk.

judge's minutes. Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Conghran v. Gutcheus, 18 Ill. 390; Gillett v. Booth, 6 Ill. App. 432.

The order of the County Court entered on the 6th day of October, 1887, is reversed.

*Order reversed.*