## CHARLOTTE FRIES

### V.

## EDMUND L. FRIES.

*Landlord and Tenant—Distress Warrants—Judgment for Rent—Rule on Landlord to Account—Agreement of Parties—Hearing by Court—Juris diction—Practice—Exceptions.*

1. A trial on distress warrants having resulted in a judgment for rent, the tenant subsequently securing a rule on the landlord to show what had been done with the property distrained, service of which was waived and answer made, it appearing from the record, that by agreement made in open court, the case was heard by the court on evidence taken in part for another purpose, this court holds that the court had jurisdiction of the case, and that the question of jurisdiction had been waived by the plaintiff.

2. Where the bill of exceptions shows no exception taken to the action of the court below, this court has no power to review the action thereof.

Fries v. Fries.

3. Exceptions can only become matters of record when certified to by the presiding judge.

[Opinion filed December 16, 1889.]

Appeal from the Circuit Court of Will County; the Hon. Charles Blanchard, Judge, presiding.

Messrs. E. Meers and David Gilmore, for appellant.

Mr. C. W. Brown, for appellee.

We. desire to present, first, the question as to whether appellant is in a position to call upon this court to pass upon any alleged errors at all. No motion was made in the court below calling for any ruling, and no exception taken to any action of the court, save an exception found in the order granting the appeal. That order appears in its regular place and is certified to by the clerk as a part of the transcript. It is settled by an unbroken line of authorities in this State that such exceptions do not become a part of the record, because they may appear in the judgment order of the court, or in the order allowing this appeal. Boyle v. Levings, 28 Ill. 314; Gill v. The People, 42 Ill. 321; Drew v. Beale, 62 Ill. 164; Nason v. Letz, 73 Ill. 371; Reichwold v. Gaylord, 73 Ill. 503; Force Mfg. Co. v. Horton, 74 Ill. 310; James v. Dexter, 113 Ill. 654; Martin v. Foulke, 114 Ill. 206.

It is likewise settled by these same authorities, that in the absence of an exception the cause will not be reviewed by the appellate tribunal.

Aside from asking this court to review the facts as supporting the order of the court, the brief for appellant attempts to set up the question of jurisdiction. Counsel have seen fit to simply assert that the order is null and void for lack of such jurisdiction. No authority whatsoever has been cited, and no reasoning worthy of the name has been presented in support of the position. It will not be considered in this court, because that question was not in any form presented to the trial court for its rulings. Appellant, in response to the motion, voluntarily appeared and introduced evidence

against the rule. No objection was made to the entry of the motion, to the introduction of the testimony, or to any of the proceedings, save an exception to the order itself, as above mentioned. As we understand the practice and settled rules of procedure no question will be passed upon in an appellate court, where the record does not disclose that the action of the lower court was in some way invoked upon the same point and a ruling had and exception taken. Buetner v. Norton Mfg. Co., 90 Ill. 415; Thompson v. White, 64 Ill. 314; Horn v. Neu, 63 Ill. 539; Gaddey v. McClean, 59 Ill. 182; Douglas v. Parker, 43 Ill. 146; Daniels v. Shields, 38 Ill. 198; Lucas v. Farrington, 21 Ill. 32; Parsons v. Evans, 17 Ill. 238; Birks v. Houston, Adm'r, etc., 63 Ill. 77.

C. B. SMITH, J. Charlotte Fries was the owner of a farm and Edmund L. Fries was the tenant. The rent was payable at different times in the year, and the tenant failing to pay, appellant sued out four successive distress warrants against the property of her tenant as the separate installments of rent became due. A trial was had in the Circuit Court on these distress warrants, which resulted in a judgment for appellant for the amount of rent found due by the court, and the officer was directed to sell the property distrained and in the possession of appellant to satisfy the judgments. As to the regularity of these proceedings no complaint is made.

Some time after the foregoing proceedings were had, at the same term, appellee, the tenant, came into court and asked for a rule on appellant to show what she had done with the property distrained. The rule was granted by the court and its service waived by appellant and she came forward and answered it. It was agreed in open court that the court should hear this motion and the answer made thereto, and that all the evidence applicable in one case should be used in all cases, so far as applicable, and that upon the hearing of this rule and answer the court should also consider the evidence which had been introduced on the hearing of the original distress case, so far as it was material, without again calling the witnesses. This was also by agreement of the parties.

Fries v. Fries.

On the hearing under the rule and answer of appellant the court found that appellant had converted to her own use a part of the property which she had distrained from her tenant, and that after paying all her judgment and costs there still remained in her hands money which belonged to appellee, and which should have been paid to him, and the court found further that appellant had a mare and colt in her possession wrongfully, not required to pay her rent, and which belonged to appellee, her tenant, and which the court required her to account for.    The court gave judgment against appellant upon the finding in the several cases, and from these judgments appellant appeals to this court and asks for a reversal. Two errors are relied on.

1.    That the court had no jurisdiction to hear these motions.

2.    That the finding of the court was against the evidence.

First, as to the jurisdiction.

The record recites the fact that these cases were heard by the court, by the agreement of the parties made in open court and by like agreement upon the evidence before referred to.    Appellant came voluntarily and answered the rule obtained against her, on the merits, raising no question of jurisdiction.    It is now too late to raise it.    By the agreement of the parties to appear before the court and try the question, they waived the jurisdiction.    Birks v. Houston, 63 Ill. 77; Allen v. Belcher, 3 Gil. 594.

But we think the court had full jurisdiction of the parties and the property.    The property had been distrained under the process of the court, and was in the custody of the court until it was finally disposed of, and the court had ample power over both the parties and the property while the suit was pending before it, until the matter was finally disposed of. But the bill of exceptions in this case shows no exception taken to the action of the court below, and without such exception we have no power to review the action of the Circuit Court.    James v. Dexter, 113 Ill. 654.    There is an exception appearing in the transcript of the judgment entered of record by the clerk, but that amounts to nothing.    Such a

statement or exception has no place in the record of the judgment. Exceptions can only become matters of record when certified to by the presiding judge. It does no good for the clerk to copy them into his record. Boyle v. Levings, 28 Ill. 314; Gill v. The People, 42 Ill. 321; Nason v. Letz, 73 Ill. 371. Nor does copying such transcript into the bill of exceptions make it a part of the bill or matter of record. There being no exceptions to the finding and judgment of the court, we can not inquire whether the evidence supports the finding or not. The judgment is affirmed.

*Judgment affirmed.*