## David H. Roblin
### v.
## Levi W. Yaggy.

*Practice—Bill of Exceptions—Amendment—Filing of—Review on Appeal—Failure to Except.*

1. An amendment to a bill of exceptions made solely on the recollection of the trial judge and filed after the end of the term and after the time allowed for filing exceptions, is void.

2. Where a case is tried by the court and the bill of exceptions shows no exception to the finding or the judgment, no motion for a new trial, no submission of any proposition of law to the court, and no exceptions to the rulings on evidence, there is no question for review on appeal.

[Opinion filed April 21, 1890.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Abbott & Baker, for appellant.

Messrs. W. C. Goudy, James E. Munroe and Ira J. Geer, for appellee.

Garnett, J.   The motion of appellee to strike from the files the supplemental transcript of record filed in this cause on March 24, 1890, must be sustained. The only thing therein which could be of benefit to appellant is what purports to be an amendment to the bill of exceptions, the same being signed and sealed by the trial judge on March 22, 1890. The judgment was rendered December 6, 1889, twenty days being then given by order of court to file bill of exceptions, and the time was afterward extended fifteen days. Hence the amendment was filed long after the time specified and after the term had elapsed when the court had control of its records, and as it affirmatively appears that the amendment was made solely upon the recollection of the trial judge, his action in making the amendment was unauthorized and void. *In re* Annie Barnes, 27 Ill. App. 151.

The cause was tried by agreement before the court without a jury. The original bill of exceptions does not show any exception to the finding of the court, or that there was a motion for a new trial, or any proposition of law submitted to the judge, or any exceptions to the judgment, and as no question is presented as to the rulings of the court in admitting or excluding evidence, there is no question which this court is required to review. Gould v. Howe, 127 Ill. 151.

But on the merits of the case we are of opinion appellant failed to make out a case of recovery against Yaggy.

The judgment is affirmed.

*Judgment affirmed.*