## JOLIET STREET RAILWAY COMPANY
### v.
## MARY McCARTHY.

*Street Railroads—Negligence—Personal Injuries—Evidence—Instructions—Practice.*

1. This court will not consider an objection as to a matter not abstracted.

2. In a personal injury case the excitement, surprise or bewilderment of the person injured can only be taken into account in determining the quality of his own acts, and their quality in respect to care or negligence is a question of fact for the jury.

3. The fact that such person was surprised, excited or bewildered, and that a railway company caused that condition through its negligence, can not affect an intervening agency that pulled or crowded him off one of its cars, against his will.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. EGBERT PHELPS and DONOHOE & McNAUGHTON, for appellant.

Mr. E. MEERS, for appellee.

CARTWRIGHT, J.  Mary McCarthy sued the Joliet Street Railway Company and recovered judgment for $700.  The evidence proved that she was riding on one of the company's cars as a passenger when the car was uncoupled on a grade from a motor car by which it was being drawn, and when so uncoupled it ran rapidly backward down the grade entirely free from control.  There were a great many passengers on the car with her and there was much excitement and confusion. She got off by being pulled or jumping off the car, and her shoulder was dislocated and her side injured.

The court at the instance of appellee gave to the jury this instruction :  " If you believe from the evidence that the plaintiff was pulled off the car, or jumped from the same before it stopped, and that the negligence of the defendant or its agents or servants caused the car in question to run down the hill with great velocity as charged in the declaration, and if you further find from the evidence that plaintiff was surprised, excited and bewildered, and was placed in that position by the said negligence of the defendant or its servants or agents at the time she left car, the fact, if proved, that she was pulled, crowded off or jumped from the car under such circumstances will not affect her right of recovery in this case."

Her excitement, surprise or bewilderment could only be taken into account in determining the quality of her own acts, and their quality in respect to care or negligence was a question of fact for the jury.

If the jury believed that she jumped from the car or got off in any way by her own act or consent, then they might properly take into account the matters stated in the instruction, and all the circumstances surrounding her, in deciding with respect to her care or negligence.  But if the jury should conclude that she was pulled or crowded off from the car without her consent by some other person, the fact that she was surprised, excited or bewildered, and that the company caused that con-

dition, would not affect the intervening agency that pulled or crowded her off the car against her will. No definite rule of law can or should be laid down which would interfere with the jury judging the degree of care of appellee from all the circumstances of the case. This instruction was wrong in thus interfering with the jury, and deciding that question under certain conditions as one of law instead of fact.

It is complained that the fifth instruction for appellee did not refer the jury to the evidence to determine whether appellee exercised ordinary care. We think it is not subject to the objection.

It is also objected to the sixth instruction for appellee that it is variant from the declaration in declaring a duty to provide safe cars, machinery, tracks and roadway. The declaration is not abstracted, and under the rules of the court that objection will not be considered. The abstract must contain. everything upon which questions are raised. We think appellee's eighth instruction not objectionable. It does not require the jury to believe anything from the instructions nor does any instruction tell them to believe any fact, but by this instruction they are required to believe from the evidence under the instructions.

There was no error in refusing appellant's twelfth, thirteenth and fourteenth instructions.

As applied to the case, all that was good in them was contained in the sixth instruction given for appellant in a simple form. For the error in giving the seventh instruction for the appellee the judgment is reversed and the cause remanded.

*Reversed and remanded.*