WILLIAM A. MCGILLIS AND JAMES HOGAN

v.

JOHN ANDERSON.

*Contracts—Recovery of Contract Price—Instructions.*

1. This court will not consider instructions not abstracted.
2. In an action upon due bills issued to plaintiff for work done for certain contractors, the main questions being as to the authority of the bookkeeper of said contractors to issue the same, and the subsequent ratification thereof by them, this court holds as proper the allowance of evidence to go to the jury of other orders issued at the same time and the subsequent payment of them by said contractors, and declines to interfere with the judgment against them.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding.

Mr. E. E. DAY, for appellants.

Mr. H. K. WHEELER, for appellee.

HARKER, J. This was an action on two due bills· issued to appellee for work performed by him for McGillis and Hogan, contractors, in the construction of a railroad in 1882. The due bills were issued by one L. R. Taylor, book-keeper for the contractors, as were a large number of others at the same time to other parties who had done work for them.

Two defenses were interposed; one by sworn plea denying the execution of the instruments sued on, and the other by plea of the statute of limitations to the common counts. A trial resulted in a verdict and judgment for $361.77 in favor of appellee.

The main questions in the case were Taylor's author-

ity to issue the due bills, and the subsequent ratification of his act. It seems from the evidence that appellants had suspended work and that there was a run on the .office by claimants for pay, and that instead of money being paid, due bills were issued by Taylor. Appellant McGillis showed by his own testimony that Taylor had no authority to issue due bills. There was evidence, however, that appellants subsequently paid like due bills issued at the same time to other parties, and appellee swore that McGillis told him a few days afterward, when others were disposing of their due bills at a sacrifice, not to sell his, that he would pay them. Appellee further swore that at a subsequent time McGillis told him that if he would wait until after a certain time he would pay him. McGillis denied making such statements, but the jury believed appellee. It was the peculiar province of the jury to decide which witness told the truth. If they were right, the act of the bookkeeper was ratified. There was no error of the court in allowing evidence to go to the jury of other orders issued at the same time and the subsequent payment of them by appellants.

The court properly excluded the copy of the record of certain attachment proceedings had in the Circuit Court of Lake County, Indiana. It did not show any levy, judgment or satisfaction of the claim, or any part thereof. Inasmuch as the instructions were not abstracted we shall not discuss them.

We see no error committed by the trial court and the judgment will be affirmed.          *Judgment affirmed.*