## Illinois Central R. R. Co. v. O'Keefe.

1. *Practice—When Errors Assigned Can Not be Considered.*—Where an appellant assigned four errors, namely, (1) the court erred in giving improper instructions for appellee; (2) the court erred in refusing to give proper instructions asked by appellant; (3) the court erred in overruling a motion for a new trial; (4) the court erred in rendering judgment for appellee; but the record contained no motion for a new trial, or decision of the court in overruling such motion, and no excep-

tion thereto, *it was held*, that, in this state of the record, the court could not consider the errors assigned.

2. *Practice—Error in Giving and Refusing Instructions.*—A party to an action can not have a judgment against him reversed for error in giving or refusing instructions, unless he has made a proper motion for a new trial in the court below, and preserved the ruling of the court thereon with his exceptions in the record.

3. *Instructions—Duty of Trial Court.*—It is not the duty of the trial court upon its own motion, and without any request from the defeated party, to set aside the verdict and grant a new trial, because of errors in the instructions.

4. *Instructions—Waiver in Giving.*—If the defeated party does not ask the court for a new trial, such neglect will be treated as a waiver of error in giving or refusing instructions.

5. *Practice—Appellate Proceeding—Abstracts.*—Where an abstract contains the instructions given at the trial for one party, and does not contain the instructions given or refused for the other party, the Appellate Court can not pass upon alleged errors in giving and refusing instructions, because under certain circumstances, error in the instructions on one side may be cured by instructions on the other.

**Memorandum.**—Action on the case. Appeal from a judgment rendered by the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1893, and affirmed. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

GREEN & GILBERT, attorneys for appellant.

H. F. BUSSEY and WILLIAM A. SCHWARTZ, attorneys for appellee.

OPINION OF THE COURT, SCOFIELD, J.

The four assignments of error in this case are as follows:

1. The court erred in giving improper instructions for appellee.

2. The court erred in refusing to give proper instructions asked by appellant.

3. The court erred in overruling the motion for a new trial.

4. The court erred in rendering judgment for appellee.

After a careful examination of the record, we have reluctantly reached the conclusion that the foregoing assignments of error can not be considered on their merits, inasmuch as the bill of exceptions contains no motion for a new trial, no decision of the court in overruling such a motion, and no exception to such a decision. In view of the repeated decisions of the Supreme and Appellate Courts on the question, it seems clear that this imperfect condition of the record precludes a consideration of the third and fourth assignments of error. But what of the first and second assignments of error? May the appellant have the judgment reversed for error, if error there was, in giving and refusing instructions, notwithstanding its failure to ask the trial court for a new trial? Must a trial court of its own motion and without any request from the defeated party, set aside the verdict and grant a new trial because of error in the instructions? We think not. If the defeated party does not ask for a new trial, this neglect should be treated as a waiver of error in giving or refusing instructions. Otherwise we should have this strange condition of things. An appellate court doing something (granting a new trial) which the trial court was never requested to do. The judge who presides at the trial, who is harassed with a multitude of cares, may err in giving or refusing instructions, and yet he may be very desirous of doing exact justice, and anxious to correct his erroneous rulings. A motion for a new trial affords him an opportunity to review the case calmly and carefully and to set aside a verdict produced by his erroneous rulings, and that, too, without the expense involved in an appeal. If such a motion is not made the higher court should refuse to consider alleged errors in the charge to the jury. Among the cases bearing upon this question, we refer to James v. Dexter et al., 113 Ill. 654, and Martin et al. v. Foulk et al., 114 Ill. 206.

Another reason why we can not consider the first and second assignments of error, is to be found in the fact that the abstract which contains the instructions given at the request of appellee, does not even so much as mention the

six instructions given, or the two refused on the other side. In Joliet Street Railway Company v. McCarthy, 42 Ill. App. 49, it was held that the court would not consider objections to a declaration which was not abstracted. In McGillis et al. v. Anderson, 44 Ill. App. 601, the court refused to consider the instructions, because they were not contained in the abstract. In C. P. & St. L. Ry. Co. v. Wolf et al., 137 Ill. 360, it was held that an appellant's abstract, as against him, will be presumed to be sufficiently full and accurate to prevent all the errors relied upon for a reversal of the judgment. Under certain circumstances, error in the instructions on one side may be cured by instructions given on the other, and hence it is not sufficient to abstract the instructions on one side only. For this reason we can not pass upon the alleged errors in giving and refusing instructions.

The judgment is affirmed.