DENNIS SHEEHAN

*v.*

MERRICK A. RICHARDSON.

*Filed at Ottawa October 26, 1893.*

BAIL—*presumption in support of discharge.* Where the record shows the discharge of bail after verdict, and the bill of exceptions fails to set out the evidence heard upon the trial or upon the motion for such discharge, it will be presumed that the evidence was sufficient to sustain the action of the court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Appellee brought trespass against the appellant, and filed an affidavit, upon which he procured an order for a *capias,* holding appellant to bail under the statute. The affidavit was sworn to on the same day the order for the writ was made and on which the suit was commenced. The appellant was arrested, entered into bail as required, and upon the trial of the cause was found guilty, and appellee's damages assessed at $400. The record shows that a motion for a new trial, and a further motion to discharge the bail in said cause, coming on to be heard, the court, for certain reasons set out, sustained the motion to discharge the bail, overruled the motion for new trial, and entered judgment on the verdict. The plaintiff below (appellee here) appealed to the Appellate Court from the order discharging the bail, only. That court reversed said order of the circuit court, and the proper certificate, under the statute, having been granted by the Appellate Court, the defendant below (appellee in that court) prosecutes this further appeal.

Mr. FRANCIS A. RIDDLE, and Mr. FRANK A. DYCHE, for the appellant.

Mr. E. A. ABORN, and Messrs. H. T. & L. HELM, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The first question naturally arising upon this record is, whether there is sufficient preserved in it to present any of the questions sought to be raised. The record shows that a motion was made at some time, presumably in apt time, to discharge the bail, which was sustained after verdict. The bill of exceptions professes to show that it was sustained for certain reasons which are set out, but it does not show, or pretend to show, all that was heard by or that appeared to the court upon the application to discharge the bail. Before the motion was disposed of, the court had heard the evidence introduced on the trial, which might have shown sufficient to discharge the bail, or the court may have heard evidence upon the motion. For aught that appears in this bill of exceptions there may have been ample appearing to have justified the court in making its order. Courts of review do not sit to determine whether trial courts have given the correct reasons for their decisions, or based them upon the correct ground. Hence the rule is, everywhere, that error must be shown in the rendition of the final order or judgment of the court.

The statute provides, (Rev. Stat. sec. 9, chap. 16,) after providing for the discharge of the defendant from arrest, that the court, "in case he has given bail, may discharge the same, or reduce the amount thereof, on good cause shown." That an application for the discharge of the bail was made, is clear, and for aught that appears from this record the most abundant good cause may have been shown for the entry of the order. In the absence of anything showing to the contrary, it will be presumed that there was sufficient upon which to base the finding of the court. *James* v. *Dexter*, 113 Ill. 654; *Nimmo* v. *Kuykendall*, 85 id. 476; *Keedy* v. *The People*, 84 id. 569;

*Brown* v. *Clement,* 68 id. 192; *Wilson* v. *McDowell,* 65 id. 522; *Miner* v. *Phillips,* 42 id. 123.

We are of opinion that the Appellate Court erred in reversing the judgment of the circuit court on said motion, and the judgment of the Appellate Court will be reversed.

*Judgment reversed.*