## Chicago, M. & St. P. Ry. Co. v. Patrick Walsh.

1. BILL OF EXCEPTIONS—*Must Show that it Contains all the Evidence.*—In the absence of a certificate by the judge that the bill of exceptions contains all the evidence introduced upon the trial, the court is bound to presume that there was sufficient evidence to sustain the judgment of the court below.

2. BILL OF EXCEPTIONS—*Amendment After the Term is Over.*—An amendment to a bill of exceptions can not be made after the term has passed, from what exists within the personal knowledge and recollection of the trial judge only.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

EDWIN WALKER and JOHN T. FISH, attorneys for appellant.

WALKER, JUDD & HAWLEY, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee was distressingly injured on December 20, 1890, by being run upon by a freight train while attempting to cross appellant's railroad tracks at the crossing of them by Chicago avenue, a public street in Chicago.

As a result of the injury appellee lost his left arm by necessary amputation above the elbow, and the second, third and little fingers, and the heel and palm, of his right hand.

. He was a plumber's laborer by occupation, and earned average wages of fifteen dollars a week, and was thirty-five years of age at the time of trial, which was about two and a half years after the accident.

The trial of the cause in the Circuit Court resulted in a verdict and judgment of $29,583.33⅓, against the appellant.

A verdict so large and so peculiar in amount, would, when objected to upon grounds urged upon our consideration, be subjected to very close scrutiny if we could know that all the evidence heard in the court below was before us.

In the absence of a certificate by the judge that the bill of exceptions contains all the evidence introduced upon the trial, we are bound to presume that there was sufficient evidence to sustain the judgment of the court below. Tompkins v. Mann, 6 Ill. App. 171; Fuller v. Bates, 6 Ill. App. 442; Nason v. Letz, 73 Ill. 371; Goodrich v. City, 72 Ill. 121.

In James v. Dexter, 113 Ill. 654, it is said: " Whether the finding * * * was correct or not can not be considered on appeal, unless where the bill of exceptions purports to contain all the evidence introduced at the trial." In Nimms v. Kuykendall, 85 Ill. 476, this court said :

" We can not say the court decided wrong, for the bill of exceptions does not purport to contain all the evidence, and we must presume there was sufficient evidence to warrant the court in the finding. Numerous other cases in this court declare the same doctrine, so that the practice in that respect is now well settled."

There is no pretense that the certificate to the original bill of exceptions imports that the bill of exceptions contains all the evidence that was introduced.

Our attention was first directed to this omission in the certificate by a motion filed by appellee's counsel in this court to quash the assignment of errors on that ground,

which motion being overruled, the appellant has filed herein what is called by counsel a supplemental bill of exceptions, but which is in fact nothing but a certified copy of an order together with a statement of facts upon which the order is based, entered October 30, 1893, *nunc pro tunc*, as of September 25, 1893, which was the date of signing the original bill of exceptions. It is therein stated as upon the "personal knowledge and recollection" of the judge before whom the cause was tried, that the said original bill of exceptions contained all the evidence offered or introduced on the trial, and it was thereupon ordered "That the certificate of said judge to said bill of exceptions be so amended as to certify the facts by inserting the following, to wit: The foregoing bill of exceptions contains all the testimony and evidence introduced in the case by either and both of said parties."

To the entering of such order and the action of the court relative thereto, the appellee, by counsel, duly excepted.

And appellee's counsel again insist upon their original objection to the sufficiency of the bill of exceptions, and urge that what has been filed here as an amended or supplemental bill of exceptions shall be disregarded because, if for no other ground, it affirmatively shows upon its face that it was made simply from the recollection of the trial judge, and not from any memoranda or minutes kept by the judge, or record of such kind or nature as the law requires that the court must have in order to amend by, after the term is passed.

Ignoring the question as to whether the filing here of what is a mere certified copy of an order, such as stated, is in form a proper amendment to a bill of exceptions, it is enough to say that an amendment to a bill of exceptions can not be made after the term has passed, from what exists within the personal knowledge and recollection of the trial judge only.

However hard the rule may be as applied to this case, the rule is too well settled to be departed from. Roblin v. Yaggy, 35 Ill. App. 537; In re Annie Barnes, 27 Ill. App.

151, and cases there to be found; People v. Anthony, 129 Ill. 218; see, also, Seig v. Long, 72 Ind. 18.

It is affirmatively stated in the recital part of the order brought here as an amended bill of exceptions, that the judge "kept some minutes of the evidence in said case upon the trial thereof, but not sufficiently full to authorize the certificate, from said minutes alone, that said bill of exceptions contained all the evidence," and it then proceeds to further recite that on the motion for a new trial said original bill of exceptions was presented to and examined by said judge, and that from his "personal knowledge and recollection" the bill of exceptions does contain all the evidence.

We can not depart from well settled rules in order to accommodate the exigencies of a particular case, and being bound to presume the court below decided correctly, in the absence of authoritative knowledge that we have before us all that was before the court below, the judgment of the Circuit Court will be affirmed.