## John Kennedy, Adm., v. Illinois Central Railroad Co.

| 68 | 601 |
|----|-----|
| 70 | 129 |
| 68 | 601 |
| 71 | 73 |
| 68 | 601 |
| 95 | 94 |

1. Bill of Exceptions—*What Must Appear in.*—Without an exception preserved in the bill of exceptions, no ruling, however improper, that does not relate to the pleadings or appear on the face of the judgment, can be reversed in an appellate tribunal.

**Trespass on the Case.**—Death from negligent acts. Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

William E. O'Neill and Darrow, Thomas & Thompson, attorneys for appellant.

John G. Drennan, attorney for appellee; James Fentress, of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This action was brought to recover damages for the death

of appellant's intestate occasioned by the alleged negligence of the appellee.

At the conclusion of the plaintiff's evidence the court, upon the motion of the defendant, instructed the jury that the plaintiff was not entitled to recover, and a verdict followed accordingly.

A motion for a new trial ensued and was overruled. Neither to the giving of the instruction, nor to the overruling of the motion for a new trial, was any exception taken, and the point is insisted upon by the appellee as fatal to the right of appellant to have a reversal, and it is fatal. It does appear by the transcript, made by the clerk, of the judgment record, that the plaintiff " entered his exceptions herein," but that was insufficient and did no good. Exceptions can only become matters of record when certified by the trial judge.

The rule is inflexible that, without an exception preserved in the bill of exceptions, no ruling, however improper, that does not relate to the pleadings or appear on the face of the judgment can be reviewed in an appellate tribunal. Martin v. Foulke, 114 Ill. 206; James v. Dexter, 113 Ill. 654; City of Jacksonville v. Cherry, 39 Ill. App. 617; Fries v. Fries, 34 Ill. App. 142; City of Rock Island v. Riley, 26 Ill. App. 171.

We might cite many other cases.

The only assigned error that is argued is that which challenges the correctness of the action in giving the instruction we have referred to.

It was attempted by a supplemental bill of exceptions to show that the peremptory instruction in favor of appellee was excepted to, but it was not accomplished.

Whether the trial judge properly refused to allow the alleged exceptions to be shown is not before us. Probably the question could only have been presented to us by a mandamus proceeding, which was not attempted.

The judgment is affirmed.