NICHOLAS HEINSEN

*v.*

AUGUSTUS D. LAMB.

*Filed at Ottawa May 15, 1886.*

1. AMENDMENT *of bill of exceptions—during and after the term.* Where a bill of exceptions is signed and sealed, and properly filed, it becomes a part of the record of the court to which it relates, and it stands upon the same footing as any other record. During the term at which it is signed and filed, it may be amended at any time, without notice. But after the term expires, the judge loses all power to alter or change it on his own motion or suggestion. In case of an amendment during the term, the proper practice is to call the attention of counsel to the fact.

2. Where a bill of exceptions, through inadvertence or mistake, has been so made up as to not fairly and truly represent what actually transpired, it may, upon due notice, be amended, by order of the court, at a subsequent term, so as to make it conform to the real facts.

3. ABSTRACT OF TITLE—*admissibility in evidence—manner of preparation—requisites, etc.* Where an abstract of title to land is shown to have been made by well known abstracters, or by clerks in their office, before the destruction of the records, and delivered, in the due course of business, to a person at the time having an interest in the land or a part thereof, and it is further shown that such abstracters had been engaged in furnising abstracts of title for several years before and after the date of such abstract, it is admissible in evidence under section 29, chapter 116, of the Revised Statutes, so far as it relates to lost or destroyed deeds, in the party's chain of title, upon their loss or destruction being shown, or inability to produce them.

4. The fact that abstracts of title were prepared in an abstract office by one clerk from memoranda and abbreviated notes taken by other clerks from the records, and then signed by the principals in the firm name, does not render them inadmissible in evidence, on the ground they are copies of copies. The data so collected from the records do not constitute the abstract, but only the materials out of which they are constructed.

5. An abstract of title, in a legal sense, is a summary or an epitome of the facts relied on as evidence of title. It should contain a note of all conveyances, transfers, or other facts relied on as evidence of the claimant's title, together with all such facts appearing of record as may impair it.

6. It is no objection to the admission in evidence of an abstract of title, that it fails to show that some of the lost deeds were properly acknowledged. The statute does not require the abstract to note such fact. The existence

of the original deed is shown by the preliminary oath, and the abstract is admitted for the purpose of showing title.

7.  An abstract not being admissible in any case, or any part thereof, to prove such facts as the party is prepared to show by a higher grade of evidence, it is not necessary to introduce the whole of it in evidence when it is only required to prove a part of the facts in that way.

8.  If the plaintiff in ejectment introduces in evidence only a part of an abstract of title to make out his case, and it, as a whole, shows the title to the property is not in him, the defendant may introduce the balance of it in evidence.

9.  PRACTICE—*when specific objection must be taken.*  An objection to an abstract of title that it fails to show whether a deed therein referred to was properly acknowledged, if a valid one, should be specifically made on the trial.  It comes too late on appeal or writ of error.

10.  SAME—*directing what the verdict shall be — the court remarking upon the weight of the evidence.*  Where the right of recovery in an action of ejectment depends upon the existence of certain extrinsic facts about which the evidence is conflicting, the court has no right to take the case from the jury, or to make remarks in the presence of the jury as to the weight of the evidence.  There is no difference in this respect between an ejectment suit and any other.

11.  But where the plaintiff's written evidence shows title in him, in the absence of any countervailing evidence the court is warranted in instructing the jury to find for the plaintiff; and in such case, any expression of opinion by the court with respect to the force or effect of the evidence, in the hearing of the jury, before so instructing, can make no difference.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. EDWARD ROBY, for the appellant:

The court erred in admitting in evidence the so-called abstract of title.  It was not made in the ordinary course of business, and was never delivered as required by the statute. What an abstract of title is, is not defined by the statute, nor what is the ordinary course of business.

As to the requisites of abstracts of title see, Preston's Work on Estates; Lee on Abstracts of Title; Moore on Abstracts of Title; Taylor on Abstracts; Warville on Abstracts.

The copy of a copy of a lost or destroyed document is not receivable in evidence, even though the absence of the first copy has been satisfactorily explained.   Best on Evidence, 612, 3483; *Liebman* v. *Poole*, 1 Stark, 167.

Extracts from an abstract can not be put in evidence apart from the whole abstract.

The remarks of the judge in the hearing of the jury, and his taking the case from the jury, was error.   Graham & Waterman on New Trials, 706–708.

Mr. GEORGE S. WILLETTS, for the appellee:

The plaintiff proved his case in two ways: First, by proving a connected title, deduced from a patent; and second, by proving a leasing to the defendant by the plaintiff, or his ancestor, under which lease the defendant entered.   *Tilghman* v. *Little*, 13 Ill. 240; *Carter* v. *Marshall*, 72 id. 611.

The abstracts were properly identified and admitted in evidence after the foundation for secondary evidence was laid.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

On the 18th of September, 1883, Augustus Lamb brought an action of ejectment in the circuit court of Cook county, against Nicholas Heinsen, for the recovery of lot 9, block 63, in South Chicago, being a subdivision by the Calumet and Chicago Canal and Dock Company of the east half of the west half, and part of the east fractional half, of section 6, township 37, north, range 15, north of Indian boundary line, and that part of fractional section 6, township 37, north, range 15, south of Indian boundary line, lying north of the Michigan Southern railroad, and fractional section 5, township 37, north, range 15, north of the Indian boundary line, all in sections 5 and 6, township 37, north, range 15, east of third principal meridian.   The suit was subsequently dismissed, on

the plaintiff's own motion, as to all the premises, except a small part in the actual possession of the defendant, which is described in the record by metes and bounds. The cause was heard in January, 1886, before the court and a jury, resulting in a verdict and judgment for the plaintiff. The defendant took an appeal from the judgment to this court, and the cause was submitted at its March term, 1886. Upon filing the record here, appellee first discovered, as he claims, that certain important facts materially affecting some of the questions raised by appellant, had been omitted in making up the bill of exceptions. He thereupon called the attention of appellant's· counsel to the matter, and requested him to consent to an amendment of the record, so as to make it truly represent the facts as they occurred. On failing to obtain such consent, appellee's counsel thereupon served appellant's attorney with a written notice that he would, on Saturday, the 20th day of March, 1886, at ten o'clock A. M., or as soon thereafter as counsel could be heard, appear in open court before the judge who tried the cause, and move the court to amend the bill of exceptions in the respect indicated. The motion was entered, and allowed by the court, in pursuance of the notice, and the bill of exceptions amended accordingly. Upon filing in this court a certified copy of the amendment, the appellant entered a motion to. strike it from the files, which was reserved for the hearing. As the question raised by this motion is of a preliminary character, it will be first disposed of.

When a bill of exceptions is once signed and sealed by the judge who tried the case, and is properly filed in court, it becomes a part of the record of the case to which it relates, and it stands precisely upon the same footing of any other record. If a bill of exceptions is executed and filed during term time, it may be amended at any time before the term expires, without notice. During the term the presiding judge who signed it may make any changes or alterations in it which

he thinks necessary to make it accord with the facts; but after the term expires, he loses all power to alter or change it on his own motion or mere suggestion. In case of amendments of this kind during the term, the proper practice is to call attention of counsel to the fact; but where a bill of exceptions, through inadvertence or mistake, has been so made up as to not fairly and truly represent what actually transpired in court, it may, upon due notice, be amended, by order of the court, at a subsequent term, as was done in this case, so as to make it conform to the real facts. That a bill of exceptions may be thus amended, has been expressly held by this court. *Goodrich* v. *City of Minonk*, 62 Ill. 121, and *Newman* v. *Ravenscroft*, 67 id. 496. The motion to strike the transcript of the amended record from the files must be denied.

The appellee derives title to the property in dispute through a short and direct chain of conveyances from the Calumet and Chicago Canal and Dock Company. So far as this branch of the case is concerned, there is little or no difficulty. That company claimed title, through numerous *mesne* conveyances, from Samuel C. George, the patentee of the land. The records of the latter conveyances were all burned in the great fire at Chicago, in 1871, and many of the conveyances themselves were either lost or destroyed, so that they could not be produced on the trial. Under these circumstances, the plaintiff, in order to prove the contents of the lost or destroyed deeds, was compelled to rely on an abstract of title, which had been prepared and delivered, in due course of business, before the destruction of the records. The chief controversy in this case relates to the admissibility of this abstract in evidence for the purpose stated. Assuming the contents of the lost or destroyed deeds in plaintiff's chain of title to be sufficiently established by the abstract of title used for that purpose, there is but little, if any, room to doubt that the verdict and judgment in the case were warranted by the evidence, and

as appellant has not shown, or even attempted to show, title in himself, or in any any one else, it is only necessary to consider the more important objections urged against the appellee's title.

. The first question to be considered, and by far the most important one in the case, is, whether the abstract was made out in such manner and under such circumstances as to warrant its admission in evidence. The conditions upon which such an instrument, or any part thereof, may be admitted in evidence, are prescribed by statute with great particularity, hence there is no occasion for considering the question from a common law aspect.

By section 29, chapter 116, of the Revised Statutes, it is provided, that "whenever, upon the trial of any suit or proceeding which is now or hereafter may be pending in any court in this State, any party to such suit or proceeding, or his agent or his attorney in his behalf, shall, orally, in court, or by affidavit to be filed in such case, testify and state under oath that the originals of said deeds, or other instruments in writing, or records of any court relating to any lands, the title of any interest therein being in controversy in such suit or proceeding, are lost or destroyed, or not within the power of the party to produce the same, and that the records thereof are destroyed, by fire or otherwise, it shall be lawful for any such party to offer, and the court shall receive, as evidence, any abstract of title made, in the ordinary course of business, prior to such loss or destruction, showing the title of such land, or any part of the title of such land, that may have been delivered to the owners, or purchasers, or other parties interested in the land, the title, or any part of the title, of which is shown by such abstract of title."

The abstract in question was made in 1869, and bears date July 15, of that year. It was prepared in the office, and by the clerks, of Jones & Sellers, well known abstracters, doing business in Chicago at that time. The abstract was, or at

least so much of it as was put in evidence, prepared for and delivered to Elliott Anthony, in due course of business, he' at the time having an interest in the tract of land of which that now in controversy is a part. This is positively sworn to by him. It is also shown by the testimony of others, that Jones & Sellers were doing a regular abstract business in the city for years before and after it (this abstract) was made. This evidence, we think, was sufficient to warrant. the admission of so much of it as related to the lost or destroyed deeds in the plaintiff's chain of title, upon satisfactorily showing their loss, destruction, or plaintiff's inability to produce them, as required by the section of the statute above cited. This, we think, was done. Indeed, no complaint is made on this ground. The admission of the abstract is assailed, mainly, on the ground that it is not an original instrument, but, at most, a mere copy of a copy. It appears from the testimony of Mr. Goode, who was a clerk in the office of Jones & Sellers at the time the abstract was prepared, that quite a number of clerks were required to conduct the business of the office; that some four or five of them were occupied in making notes from the records respecting titles. These notes were taken in pencil, in short form, many of the words used being mere abbreviations. When completed they were handed over to a Mr. Earle, a clerk in the office, who there wrote them out at length, when they were then signed by Jones & Sellers. All abstracts furnished by them were prepared in this manner, and the evidence shows that the same course was pursued in most of the other offices of the city. In all this we see nothing to justify the claim that the abstract in question was nothing but a mere copy of a copy. The *data* collected from the records in abbreviated expressions, many of which were probably intelligible only to those connected with the office, did not constitute the abstract. They were only the materials out of which it was constructed. The objection is not well taken.

It is also contended that the court erred in permitting the plaintiff to put in evidence a part of the abstract only, the contention being that the abstract should have been put in evidence as an entirety, or not at all. To this it is answered by appellee, that the memoranda furnished by the abstracter respecting each conveyance in the chain of title, is an abstract, within the meaning of the statute. The appellant's position is, without doubt, wholly untenable, and that of appellee is not entirely accurate. We understand an abstract, in a legal sense, to be a summary or an epitome of the facts relied on as evidence of title. Such being its meaning, it might consist of a note of a single conveyance, as it always does where the patentee furnishes an abstract of his title. But an abstract, properly so called, must contain a note of all conveyances, transfers, or other facts relied on as evidences of the claimant's title, together with all such facts, appearing of record, as may impair it. But it by no means follows, that, because an abstract means a synopsis of all the facts relied on in support of a particular title, the whole of it must be put in evidence, when it is only necessary to prove a part of the facts in that way. An abstract is not admissible in any case, nor is any part of it, to prove such facts as the party is prepared to prove by a higher grade of evidence.

The claim that if the whole of the abstract had been put in evidence it would have shown, affirmatively, that the title to the whole of the property was not in the plaintiff, is unsupported by evidence. We can not tell how that may be. We are concerned with the facts that were actually proved, and not with such as might have been. The latter lie in the domain of pure conjecture, where we are not permitted to enter, even if disposed to. If the remaining portion of the abstract not put in evidence would have shown no title in the plaintiff, no reason is perceived why it was not put in evidence, as it was there in court, and appellant's counsel clearly had the right to use it for that purpose if he desired to do so.

It is also objected that the memoranda in this abstract failed to show that some of the deeds which counsel was unable to produce, were properly acknowledged. It is sufficient to say, that the statute providing for the admission of such instruments in evidence contains no such limitation. The loss of the original deeds is shown by the preliminary oath, and the abstract is admitted for the purpose of "showing title." Moreover, the specific objection now urged does not seem to have been made in the court below, and it can not be raised here for the first time, even if it would have been good in the trial court. *Wright et al.* v. *Smith,* 82 Ill. 528.

It is also assigned for error, that the court improperly instructed the jury to find for the plaintiff. Where the right of recovery depends upon the existence of certain extrinsic facts about which the evidence is conflicting, the court has no right to take the case from the jury, nor has the court, in such case, the right to make remarks, in the presence of the jury, expressive of its opinion as to the weight of the evidence, as is claimed was done in this case. There is no difference in this respect between an ejectment suit and any other. This, however, is not a case of the kind suggested. Looking at the abstract as supplying the place of the conveyances which could not be produced, we think the court, in the absence of any countervailing testimony, was warranted in taking the case from the jury as it did, and if so, any expression of opinion by the court with respect to the force or effect of the evidence, in the hearing of the jury, before doing so, could have made no difference whatever in the result. The complaint, therefore, on that ground, can not avail.

The judgment will be affirmed.

*Judgment affirmed.*