# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

FOURTH DISTRICT—AUGUST TERM, 1893.

Henry Weinhard and Michael Suis, Impleaded with the Unknown Heirs of Jacob Young, v. Mary E. Tynan.

1. COURTS—*City Court of Alton—No Jurisdiction in Proceedings to Adopt Children.*—The City Court of Alton has no jurisdiction to enter an order of adoption of a child, where none of the parties to be affected by such proceeding reside within the city limits, even though such parties appear before the court in person and submit their persons to its jurisdiction.

2. COURTS—*Adoption of Children.*—The statute providing for the adoption of children, confers exclusive original jurisdiction in a proceeding for such adoption, upon the Circuit and County Courts.

3. LACHES—*Motion to Have an Order Entered Nunc Pro Tunc.*—After a lapse of more than twenty years, no excuse or reason appearing, a motion to enter an order in a proceeding to adopt a child *nunc pro tunc*, ought not to be entertained.

4. DECREE NUNC PRO TUNC—*Evidence—Parol, When Not Admissible.* —At a term of the court subsequent to that at which a final judgment or decree is entered, amendments in matters of form, or to correct clerical errors, can be made on the motion of one party, after due notice given to the opposite party. In such cases amendments can not be allowed, or judgments or decree *nunc pro tunc* ordered to be entered, on motion supported by parol proof only; there must appear by the judge's minutes, entry or memorandum elsewhere in the record, some evidence of record upon which to base the order.

5. COURTS—*Judicial Acts Must be Shown by the Record — Parol Proofs.*—Parol evidence is admissible to prove facts justifying a court on motion, to make and enter an entire record, but is not admissible in

support of a motion to make a part of a record only, by amending or adding to the original record.

**Memorandum.**—Petition to have an order entered *nunc pro tunc.* Appeal from the City Court of Alton; the Hon. J. E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded with directions. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

### STATEMENT OF THE CASE.

This was a motion filed in the City Court of Alton by the appellee, December 28, 1892, praying that court to enter *nunc pro tunc* after the lapse of twenty-three years, an order of adoption of herself as the child of one Jacob Young, which order is alleged to have been made by the then judge of the Alton City Court, on the 28th day of September, 1869.

The allegations in support of the right to have said *nunc pro tunc* order entered are contained in said written motion and are substantially as follows : That appellee is the daughter of Michael and Mary E. Murray, both now deceased, and that she is the same Mary E. Murray hereinafter mentioned. That on or about the 28th day of. September, 1869, being one of the days of the September term, 1869, of the Alton City Court, said court being at that time in session, a petition was presented to said court by Jacob Young, of the town of Greenwood (now North Alton), in the county of Madison aforesaid, which said petition was in substance as follows, to wit:

To the Honorable H. S. Baker, Judge of the Alton City
        Court:

Your petitioner, the undersigned, Jacob Young, respectfully represents to your honor that he is a resident of the town of Greenwood, in the county of Madison and State of Illinois; that he desires to adopt as his own a minor female child, named Mary E. Murray, and to change her name to Mary E. Young; that Mary Ellen Murray, the mother of said child, is dead; that Michael Murray, of said town of Greenwood, is the father of said child, and consents to her

adoption by your petitioner, and to the change of her name as above set forth; that said Michael Murray had notice of this application; that it will be to the interest of said child to be adopted as the child of your petitioner; wherefore, your petitioner prays your honor to enter an order declaring said minor child the adopted child of your petitioner and changing her name to Mary E. Young, and your petitioner will ever pray, etc.

(Signed)    JACOB YOUNG.

That, on the same day, an order was made by said court, in substance as follows:

Now, on this 28th day of September, 1869, comes Jacob Young, and presents his petition to court for leave to adopt said Mary E. Murray as his own child, and to change her name to Mary E. Young, and the court being satisfied of the truth of said facts stated in said petition—that the said petitioner resides in the town of Greenwood, in the county of Madison and State of Illinois; that said Mary E. Murray is a minor, aged four years on the 20th day of May, 1869; that the mother of said child is dead; that her father had notice of the presentation of this petition and consented to the adoption of the said child and to the change of her name; and the court being satisfied that such adoption will be for the best interest of such child, it is ordered by the court that, from this time henceforth, the said Mary E. Murray shall, to all legal intents and purposes, be the child of said Jacob Young, and that her name be changed to Mary E. Young. It is further ordered that the petitioner pay all costs of this proceeding. That said order was duly approved by the judge of said court and was indorsed approved by the judge of said court, Hon. H. S. Baker, over his signature, written on the back of said order, but through mistake or misapprehension on the part of the clerk of said court, said order was not entered on the records of said court, but was delivered, together with said petition, back to said Jacob Young, who took the same home with him, supposing it was handed to him to keep as evidence of his having adopted said child, and thereafter said Jacob Young frequently showed said petition and

order to other persons in support of his assertions that he had adopted said Mary E. Murray as his child, and she always thereafter passed as his adopted child, and so considered herself; that said Jacob Young departed this life on or about the 19th day of July, 1875, and without issue; that the names of the heirs of said Jacob Young are unknown to the said Mary E. Tynan, and, by diligent inquiry, can not be ascertained; that after the death of said Jacob Young, said petition and order can not be found, and have since never been found; that said Mary E. Tynan is now a resident of the city of Portland, in the State of Oregon; that Jacob Young removed from the town of Greenwood to the city of Portland, in Oregon, about the month of May, 1873; that Mary E. Tynan resided with him from the time of her adoption until his death and was known and treated as her daughter, and went by the name of Mary E. Young during all that time; that on the 5th day of May, 1883, she was married to one John Tynan, in the city of Portland, State of Oregon.

The said Mary E. Tynan moves the court to enter said order of adoption *nunc pro tunc*, as made by this court at the September term of this court, 1869.

MARY E. TYNAN,

By Levi Davis, Jr., and H. S. Baker, Jr., her attorneys.

At the February term, 1893, Michael Suis, heir of Jacob Young, deceased, and Henry Weinhard, successor in interest, appeared as defendants and entered their motion to dismiss appellee's said motion and petition, but the court denied the same, and thereupon said defendants demurred to said motion and petition of appellee for insufficiency, which demurrer was overruled on February 7, 1893.

On February 8, 1893, defendants filed their answer traversing each and every material allegations of appellee's said petition and motion. And on the same day the court, by its order of that date, referred the cause to Levi D. Yager, as special master in chancery, to take the testimony. He reported all the testimony taken by him as such special master to the court, and made said testimony a part of his

Weinhard v. Tynan.

report dated February 21, 1893. On March 15, 1893, the
final order and decree was entered in this cause, in which
among other things, is recited the appointment of Levi D.
Yager, to take the testimony in this cause. That he has
filed his report of the testimony so taken by him, and this
cause now coming on to be heard on the petition of said
Mary E. Tynan, the answer of said Michael Suis and Henry
Weinhard, the report of said special commissioner, depo-
sitions taken in said cause on file and evidence presented in
open court, the court doth find that the allegations of said
petition are true in substance and in fact.

That at the September term, 1869, of this court, and on
the 28th day of September, 1869, being one of the days of
said term, said Jacob Young, then living, presented to this
court a petition, in substance as follows: (Then follows a
recital of the petition to Judge H. S. Baker, as set forth in
appellee's petition, which we have already inserted in this
statement.) That at the said September term, 1869, of this
court, an order in substance as follows, was made by this
court. (Then follows a recital of the order as set forth in
said petition, and which we have heretofore inserted in this
statement.) That the said Mary E. Murray mentioned in
said order afterward married one John Tynan, and is now
Mary E. Tynan, the petitioner herein; that by mistake or
inadvertence of the clerk of this court, said order was never
entered on the records of this court, and that said order so
made by this court has been lost or destroyed and can not
be found. The court, therefore, in consideration of the
premises, doth order and decree that the said order of adop-
tion so made by this court at said September term, 1869, be
entered *nunc pro tunc* upon the records of this court by the
clerk of this court as of said 28th day of September, 1869,
and that the petitioner, Mary E. Tynan, pay the costs of
this proceeding.

APPELLANT'S BRIEF, LEE, McKIEGHAN, ELLIS & PRIEST AND
WISE & McNULTY, ATTORNEYS.

The law is that courts have control of their records, and
can amend them in any respect during the term at which

the suit is pending, but at a subsequent term, the court can only allow amendments in mere matters of form, or to correct clerical errors, after notice has been given to the opposite party. Cook v. Wood, 24 Ill. 295; Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Coursean v. Hixon, 78 Ill. 339; Becker v. Palmer, 83 Ill. 568; McKindley v. Buck, 43 Ill. 488; State's Savings Ins. Co. v. Nelson, 49 Ill. 171; Smith v. Wilson, 26 Ill. 186; Cook Co. v. Canal Dock Co., 131 Ill. 510.

In all these cases where the amendments are allowed after the term, or a judgment *nunc pro tunc* entered, the court can not resort to oral testimony, but there must appear by the judge's minutes, or elsewhere in the records, evidence upon which to allow the amendments or order *nunc pro tunc.* Coughran v. Gutcheus, 18 Ill. 390; Lilly v. Shaw, 59 Ill. 72; Frew v. Danforth, 128 Ill. 242; Daugherty v. People, 118 Ill. 164; Troutman v. Hills, 5 Brad. 396; In re Annie Barnes, 27 Ill. App. 151; Millard v. Cooper, 10 Brad. 50; Horner v. Horner, 37 Ill. App. 199; C. H. Planing Mill Co. v. Bank, 97 Ill. 298; Church v. English, 81 Ill. 443; Black on Judgments, Vol. 1, Chap. 7, Sec. 135; Draughan v. Tombeckbee Bank, 1 Stew. (Ala.) 66; Andrews, Admr. v. Bank of Mobile, 10 Ala. 375; Hudson v. Hudson, 20 Ala. 364; Metcalfe v. Metcalfe, 9 Ala. 319; Ex parte Gilmer, 64 Ala. 234; Herring v. Cherry, 75 Ala. 376; Kemp v. Lynn, 76 Ala. 212; Adams v. Requa, 22 Fla. 250; Hyde v. Curling, 10 Mo. 359; Fletcher v. Combs, 58 Mo. 434; Atkinson v. A. T. & S. F. R. R. Co., 81 Mo. 50; Belkin v. Rhoads, 76 Mo. 643; Exchange Bank v. Allen, 68 Mo. 476; Hegeler v. Henckell, 27 Cal. 491; Ludlow v. Johnston, 3 Ohio, 533; Schackelford v. Levi & Co., 63 Miss. 125; Raymond v. Smith, 1 Met. (Ky.) 65.

The clerk of the Circuit Court was required by the Revised Statutes of 1845, to keep a docket of all causes pending in court, and furnish the judge with a copy of the same, Chap. 63, Sec. 9; and by Sec. 40, to keep a fee book, and by Sec. 43, to keep a book in which to enter all judgments and decrees of court. By these statutory provisions, which were in force at the date it is claimed this proceeding was com-

Weinhard v. Tynan.

menced, it was intended to have a complete history of the case from its inception to its final adjudication—a record— and that record to import absolute verity. The clerk of the Alton City Court had to perform like duties. Laws of 1859, page 72, Sec. 7. Even in the case of a municipal corporation where the statute provides that the corporation shall keep correct minutes of its proceedings, its corporate acts can only be shown by such records; oral testimony is not sufficient. People ex rel. v. Madison County, 125 Ill. 334; McHaney v. The County, 77 Ill. 488; Spangler v. Jacoby, 14 Ill. 297; Steckart v. East Saginaw, 22 Mich. 104; Stevenson v. Bay City, 26 Mich. 44; Mayhew v. District Gay Head, 13 Allen, 129; Morrison v. Lawrence, 98 Mass. 219; Hunneman v. Fire District, 37 Vt. 40; Louisville v. McKegney, 7 Bush. 652; Jordan v. School Directors, 38 Me. 169.

In the *nunc pro tunc* order, the rights of the defendants, which have accrued in the intervals, should have been protected in the order. Coughran v. Gutcheus, 18 Ill. 390; McCormick v. Wheeler, 36 Ill. 115; Church v. English, 81 Ill. 442.

In proceedings for adoption, the statutory requirements must be strictly complied with. Shearer v. Weaver, 56 Iowa, 578; Tyler v. Reynolds, 53 Iowa, 146.

And such statutes are to be strictly construed. Keeghan v. Geraghty, 101 Ill. 26.

Appellants contended that the court had no jurisdiction, because, first, the parties lived outside of its territorial limits; second, the statute relating to adoptions, then in force, applied only to County and Circuit Courts; but cited no authorities upon this point.

APPELLEE'S BRIEF, LEVI DAVIS, JR., AND H. S. BAKER, JR., ATTORNEYS.

The entering of a judgment or decree after the term in which the suit or proceeding was brought, and the amount and kind of evidence required for that purpose, is within the discretion of the lower court and the order of the court allowing the motion will not be set aside unless the Appel-

late Court clearly sees that that discretion has been abused. Secore v. Leroux, 1 N. Mex. 388; Rugg v. Parker, 7 Gray (Mass.), 172; Frink v. Frink, 43 N. Y. 508; McDowell v. McDowell, 92 N. C. 227; Weed v. Weed, 25 Conn. 337; Burnett v. State, 14 Tex. 455; State v. McAlpin, 4 Ired. 140.

The power of a court over its records is a continuing one, and when a judgment or decree has been ordered entered at one term and it is not so done, the court may order it done at any subsequent term, upon proper notice, and, in determining whether the unrecorded judgment should be entered or not the court may resort to, and base its order upon, any competent evidence, and it is not necessary that there should be as a foundation for it something upon the files or records of the court. Freeman on Judgments, Sec. 72; Ives v. Hulce, 17 Brad. 30; Frink v. Frink, 43 N. H. 508; Douglas v. Yallop, 2 Burr, 722; McDowell v. McDowell, 92 N. Car. 227; Forbes et al. v. Navra et al., 63 Miss. 1; Hollister & Smith v. Judges, etc., 8 Ohio St. 201; Chichester et al. v. Cande, 3 Cow. (N. Y.) 39; Weed v. Weed, 25 Conn. 337; Rugg v. Parker, 7 Gray (Mass.), 172; Brownlee v. Board, etc., 101 Ind. 401; Burnett v. State, 14 Tex. 455; Hagler v. Mercey, 6 Fla. 721; State v. McAlpin, 4 Ired. (N. C.) 140; Secore v. Leroux, 1 N. Mex. 388; Bobo, Adm., etc., v. State, 40 Ark. 224; Wright, petitioner, etc., 134 U. S. 136; Attaway et al. v. Carswell, 89 Geo. 343; 15 S. E. Rep. 472.

A witness can not be impeached by proof of his contradictory statements made out of court, unless on his examination his attention has been directed to such statements, specifying particularly the time and place. Greenleaf on Evi., Vol. 1, p. 611, Sec. 462; Quincy Horse Ry. & Cary Co. v. Gnuse, 137 Ill. 268; Aneals v. The People, 134 Ill. 414.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

We are of opinion the City Court of Alton had no power to make and enter an order of adoption, as is alleged in said petition was made by Judge Baker on September 28, 1869. Under the provisions of Sec. 1, Art. 5, of the State

Constitution of 1848, an act was passed by the legislature in 1853 (Sess. Laws, 1853, p. 147) establishing the recorder's court of Chicago, and conferring upon it concurrent jurisdiction within said city, with the Circuit Court, of civil cases, where the amount involved did not exceed $100, and in all criminal cases, except treason and murder, and conferring like powers and imposing like duties upon the judge and clerk as were conferred and imposed upon the judge and clerk of the Circuit Court, so far as the same were not limited by the act. By an act approved February 6, 1855 (Sess. Laws 1855, p. 155), the Court of Common Pleas of Cairo was established, conferring the same powers and jurisdiction upon that court within the city of Cairo and township 17, R. 1, W. of the 3d P. M., in civil and criminal cases, except treason and murder, and imposing the same duties upon the judge and clerk of said court, as provided in the act establishing the recorder's court of Chicago, except that jurisdiction was given in civil cases where the amount involved did not exceed $50,000. By the act, approved February 10, 1857 (Sess. Laws 1857, p. 29), it is provided that every act establishing an inferior court of civil and criminal jurisdiction in any city of this State, should be so construed as to confer on such court a uniform organization and jurisdiction with the recorder's court of Chicago and the Court of Common Pleas of Cairo.

By the act approved February 9, 1859 (Sess. Laws, 1859, p. 71), the City Court of Alton was established. Sec. 1 granted to that court concurrent jurisdiction, within the city of Alton, with the Circuit Court of Madison County, in all civil and criminal cases, except treason and murder. Section 2 provides that the judge of that court shall possess the same powers as are vested in the judges of the Circuit Court, except as limited in the act. And section 25 declares that the act approved February 10, 1857, shall be made a part of this act, as fully as if the same had been incorporated therein. It thus appears the City Court of Alton was created by a statute, and its territorial jurisdiction in all cases, was, by statutory provisions, limited to the city of Alton. And the

act of February 10, 1857, conferring upon said court uniform jurisdiction with the courts named therein, did not extend that jurisdiction to territory outside of the city. It is not averred in appellee's petition, that Jacob Young, or the child it is alleged he adopted, or the father of the child, resided in the city of Alton at the time it is alleged the petition for adoption was filed and the order is alleged to have been made, and it is conceded by counsel for appellee, all of said parties resided outside of said city at that time. If the alleged proceeding for adoption is a "civil case," within the meaning of the statutes cited, it could not be entertained by a city court of a city in which none of the parties to be affected by such proceeding resided.

But counsel for appellee say, the petitioner, Young, and the father of the child, appeared before the city court at the September term, 1869, and the court thereby acquired jurisdiction of the persons of the only parties interested. If this point is conceded, the jurisdiction of the city court of the subject-matter, remains as a question yet to be determined. The act of 1867, in force when this proceeding and order of adoption is alleged to have occurred, was the first act providing for the adoption of children in this State. It was passed after the City Court of Alton had been established, and this is one of its provisions: "Any person desirous of adopting a child so as to render it capable of inheriting his or her estate, must present a petition to the Circuit or County Court of his or her residence." The omission of city courts and prescribing Circuit and County Courts only as the courts, to one of which, such petition must be presented, evidences clearly and conclusively the intention of the legislature to confer exclusive, original jurisdiction, in a proceeding for adoption, upon the courts named in the act. If the City Court of Alton had no power to entertain the petition of Jacob Young, and make the order of adoption, it would be a nugatory and unlawful act to grant the prayer of appellee's petition, sustain her motion and direct the entry *nunc pro tunc* of a void order. Other reasons for reversal are mentioned, not absolutely essential to be discussed and

Weinhard v. Tynan.

determined by us, if we are right in the opinion already expressed. It is said the *laches* of appellee, in applying for the relief prayed for, is such that her petition and motion ought to have been denied. More than twenty-three years had elapsed after the order is alleged to have been entered, and it was more than seventeen years after the death of said Jacob Young, when appellee's motion was presented, and no reason is shown justifying such delay.

We think after such lapse of time, when no excuse or reason for her dilatory action appears, appellee's motion ought not to have been entertained. Furthermore, it is not alleged in appellee's petition, that any docket entry, minute, or memorandum was made by the judge, but it is alleged the order was not entered on the records of the court but was delivered, together with the petition, to Jacob Young through mistake or misapprehension of the clerk, and they were afterward lost.

It thus appears by the appellee's petition itself, that parol evidence would necessarily be required to prove the presentation of said petition, the making of said order, the substance of each, the delivery of the same to Young, and the fact of their loss, and we find by the report of proof filed by the special master, and by the final order and decree in this record, that the court did hear and consider parol evidence introduced to establish these facts, and based his findings and decree on that evidence. This was in direct conflict with the law as held by the Appellate and Supreme Court of this State, and a decree of this character supported only by such evidence, ought not to be affirmed. During the term at which a suit is pending, the court has control of the record and can cause proper amendments to be made without notice. And at a term subsequent to that at which a final judgment or decree in a case is entered, amendments in matters of form, or to correct clerical errors, can be made on the motion of one party, after due notice given to the opposite party. In this latter class of cases, amendments can not be allowed or judgment or decree *nunc pro tunc* ordered to be entered, on motion supported by parol proof

only, but there must appear by the judge's minutes, entry or memorandum elsewhere in the record, some evidence of record upon which to base the order.   Coughran v. Gutcheus, 18 Ill. 390; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Dougherty v. People, 118 Ill. 164; Frew v. Danforth, 126 Ill. 242; Troutman v. Hills, 5 App. Ct. Rep. 396; Millard v. Cooper, Ibid. 50; In re Annie Barnes, 27 Ibid. 151; Homer v. Homer, 37 Ibid. 199; Cook v. Wood, 24 Ill. 295; Smith v. Wilson, 26 Ill. 186; McKindly v. Buck, 43 Ill. 488; State Savings Ins. Co. v. Nelson, 49 Ill. 171; Ins. Co. v. Chamber of Commerce, 69 Ill. 22, and Coursen v. Hixon, 78 Ill. 339, cited in appellant's brief, support our view on this point.

We have been referred by counsel for appellee to but one Illinois case which is claimed to be adverse, viz., Ives v. Hulce, 17 Brad. 30, and in that case it appears there was matter of record to amend by.   The decisions of courts of last resort in other States, cited on behalf of appellee, in so far as they are in conflict with the law as held in this State upon the same question, can not be followed and adopted by this court.   Appellee's counsel contend the authorities cited on behalf of appellant are not in point, because it is not the purpose of the motion to amend, alter or change an existing record.   But (quoting the language in the brief), " we establish by the best evidence obtainable, the actual contents of the original and missing order, and ask that it be made a matter of record."   Counsel overlook the fact it was not only sought to prove by parol evidence the " actual contents " of the order, but also by such evidence to prove the judicial act of a court, that must be made a matter of record.   If this contention is sustained we must hold that parol evidence is admissible to prove facts justifying a court, on motion, to make and enter an entire record, but is not admissible in support of a motion to make a part of a record only, by amending or adding to the original record.

The City Court of Alton was a court of record, and the law required a record of its proceedings to be kept; that record can not be contradicted or supplemented by parol. People ex rel. Madison County, 125 Ill. 334.

We are satisfied that the admission of parol evidence in support of appellee's motion was contrary to law. That the motion, showing as it did on its face, such evidence must be resorted to in order to sustain the motion, ought to have been denied for that reason. That the *laches* of appellee before referred to would bar her of the remedy sought by her petition and motion. That the City Court of Alton had not the power to make and enter an order of adoption, and such order, if it was made and entered as alleged, was void. Appellee's counsel call our attention to the fact that the judge who tried the cause, signed the certificate after the expiration of his official term, and that Judge Hope, his successor, signed the bill of exceptions or certificate; hence, there is no properly authenticated bill of exceptions, or certificate of evidence in the record. We do not deem it necessary to pass on this question. The petition itself, the decree and the special master's report of proof, are matters of record, and we find there sufficient grounds to apply the rules of law we have referred to, and reach the conclusion we have announced.

The order and decree of the court below is reversed, with directions to that court to enter an order denying the motion of appellee and dismissing her petition, with all costs to be taxed against her.