57   608
79   282

## Stony Island Hotel Co. and Paul F. Knefel v. E. Johnson.

1. APPELLATE COURT PRACTICE—*Insufficient Abstract*.—Where the abstract is but a mere index, the court will not search the record to find something by which the judgment in the cause may be reversed.

2. BILL OF EXCEPTIONS — *Presumptions in the Absence of*.—In the absence of a bill of exceptions, it will be presumed that evidence was adduced upon the trial which was sufficient to sustain the allegations of the declarations.

3. PROMISSORY NOTE—*Signature of Maker—Name Not His Own*.—A person may, by a name not his own, make his promissory note.

4. AMENDMENTS—*Of Records During and After the Term.*—A record may be corrected during the term upon what is made to appear to the court to be true; but after the close of the term it can not be done, either from the personal recollection of the court or affidavits presented by persons present during the trial.

**Memorandum.**—Assumpsit on a promissory note.   Appeal from a judgment of the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding.   Submitted at the October term, 1894, and affirmed.   Opinion filed March 5, 1895.

APPELLANTS' BRIEF, JOHN KNEFEL, ATTORNEY.

It is immaterial that the payor is designated in the body of the note by the pronoun " we."   Corporations are sometimes spoken of in the plural, as they are a body aggregate; it is proper that they should be.   Keith v. Scanlan, 102 Ill. 634;   Newmarket Savings Bank v. Gillett, 100 Ill. 254;   McIntire v. Preston, 5 Gilm. 48.

An agent or attorney signing a deed or other writing should first sign the name of his principal and then his own as agent, or, as in the case at bar, in his ministerial capacity. Mears v. Morrison, Breese 223.

The name of the promisor need not appear in the body of the note; the signature thereof to the note is sufficient. Newmarket Savings Bank v. Gillett, 100 Ill. 254, 261.

Where a party signs his name as cashier or agent for a bank or corporation, within the scope of his authority, he is not personally liable, unless the instrument contains apt words to make him liable.   Hypes v. Griffen, 83 Ill. 138; Hancock v. Younker, 83 Ill. 208;   Hope v. Sawyer, 14 Ill. 254; Story on Agency, Sec. 264;   Bird v. Daggett, 97 Mass. 494.

The form of execution is immaterial if it indicates a ministerial act.   King v. Handy, 2 Bradw. 212;   Long v. Colburn, 11 Mass. 97;   Mch's Bk. v. Bk. of Columbia, 5 Wheat. (U. S.) 326;   Mann v. Chandler, 9 Mass. 335.

At common law certain errors could be corrected after the term by writ of error *coram nobis.*   This writ was available even for the purpose of setting aside judgments entered at a term which had expired.   The writ of error *coram nobis* has been superseded in our court by the more direct practice

of making application by motion to the court in which the judgment was rendered. Sloo v. The State Bank, 1 Scam. 439; McKinley v. Buck, 43 Ill. 438.

Under our statute the trial court has power to amend or set aside its judgments at a subsequent term for sufficient reasons. Simms v. Hugsby, Breese 413.

So a judgment recovered by reason of an unauthorized entry of appearance by an attorney may be set aside. Lyons v. Boilvin, 2 Gil. 629.

A judgment against a person who was dead at the time it was rendered may be set aside at any time within five years. Life Assn. v. Fawcett, 102 Ill. 329; Claflin v. Dunne, 129 Ill. 247.

APPELLEE'S BRIEF, CHARLES E. POPE, ATTORNEY.

The Superior Court rightly held that it could not set aside this judgment after the term at which it was entered had ended. Cook v. Wood, 24 Ill. 295; Smith v. Wilson, 26 Ill. 187; Becker v. Sauter, 89 Ill. 596; Goucher v. Patterson, 94 Ill. 525; Cook Co. v. Calumet and Chicago Canal & D. Co., 131 Ill. 505.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellants and J. H. Lawson. Appellants in their brief say that the copy of the note attached to the declaration reads as follows:
"$380.00.                    CHICAGO, June 8, 1893.

Ninety days after date, for value received, we promise to pay to the order of William Murdock & Co., the sum of three hundred and eighty dollars at office of P. F. Knefel & Co., 162 La Salle St., with interest at the rate of six per cent. per annum, after maturity, until paid.

STONY ISLAND HOTEL CO.,
PAUL F. KNEFEL, President.
J. H. LAWSON, Sec'y."

Such copy can be brought before us only by a bill of exceptions. Bowlan v. Lambka, No. 5375, Oct. Term, Ill. App.

A special count of the declaration charged that the defendants made the certain promissory note in writing by the name, style and description of Stony Island Hotel Company, Paul Knefel, President, and J. H. Lawson, Secretary; the declaration also contained the common counts.

Appellants also appeared and filed a verified plea of general issue.

Upon the trial, a jury having been waived, the court found the issues for the plaintiff and rendered judgment against the appellants for $396.15.

This was done at the May term, 1894, of said Superior Court.

The abstract filed in this cause contains not a word of the evidence adduced upon the trial. The abstract *does* contain the following:

"17, Bill of Exceptions."

Upon such a reference, we will not search through the record to see if we can not find in the bill of exceptions something by which the judgment in the cause may be reversed. Gilbert v. Coons, 37 App. R. 448; Medley v. Mix, — App. R. 550; Allison v. Allison, 34 App. R. 385; Magner v. Trumbull, 33 App. R. 646; C. & G. T. R. Co. v. Crolie, 33 App. 1; Lake v. Lower, 30 App. R. 500; Florez v. Brown, 37 App. R. 270; People v. Angerer, 23 App. 385; Bangs v. Paullin, 37 App. R. 465; Mueller v. Newell, 29 App. R. 192; Hanchett v. Riverside Dist. Co., 15 Brad. 57.

Treating the cases as if there were no bill of exceptions, it must be presumed that evidence was adduced upon the trial which was sufficient to sustain the allegations of the declaration (Scanlan v. Keith, 102 Ill. 634), among other allegations that the defendants, by the name, style and description of Stony Island Hotel Company and Paul F. Knefel, President, made the note in question.

One may, by a name not his own, make his promissory note.

If the recital in the record of the Superior Court, that appellants waived a trial by jury, is in any respect untrue, application should have been made to that court to correct

its record; which, during the term at which the judgment was entered, might have been done upon what was made to appear to the court to be true; whereas, after the close of the term, such an amendment could not be made either from personal recollection of the court, or affidavits presented by persons present during the trial.

The court properly refused to consider, upon the motion to set aside its judgment, affidavits showing that the record of what occurred during the trial was incorrect. Courts did not, upon such showing, amend their records under the writ of *coram nobis* and do not now upon motion. Bargwanath v. Wilson, 4 Ill. App. 80.

We do not wish to be understood as holding that the note in question appears to be upon its face, the note of any one save the Stony Island Hotel Company. We hold that upon the special and the common counts of the declaration, under an unverified plea of the general issue, filed in this cause, in the absence of a bill of exceptions, a judgment against the parties whose names are signed to the note, in the place where the names of makers are usually found, will not be set aside. The judgment of the Superior Court is affirmed.