## Warren L. Scott v. Frederick L. Schnadt.

1. COURT RECORDS—*Amendments to.*—The records of a court can not be amended at a term subsequent to the one at which the order sought to be amended was made, upon information obtained from an affidavit of the attorney for one of the parties interested.

2. BILL OF EXCEPTIONS—*Papers Not Included in—How Treated.*— Papers which are certified by the clerk of the trial court to be copies of notices filed in his office can not be considered in the Appellate Court. Such documents can only be regarded when incorporated in a bill of exceptions.

Assumpsit, on special contract. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Appeal dismissed. Opinion filed January 7, 1897.

BURTON & REICHMANN, attorneys for appellant.

ALBERT N. EASTMAN, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It has been said that the best time to contest an election is before the polls close; so it may be said that the best time to correct a record is when it is made.

It was the old practice that the proceedings of a court were not kept in a book, but shown by "rolls," as they were called in England—"records" in New York. Tidd's Pr., 728; Graham's Pr., 341.

And the preparation of the roll was the duty of the attorney of the successful party. Tidd, 730; Douglass v. Vallop, 2 Burr. 722–3; 4 Ch. Gen. Pr., 107.

By that method the proceedings followed in consecutive order on the particular roll containing them; a result attained with greater security by a practice which has obtained sometimes in the United States of making, at the close of a case, a complete record, in a book, by copying all the proceedings in such consecutiveness.

By the practice here, the record books contain the proceedings of the court in chronological order, and usually, instead of the forms of the entries being prepared by attorneys who have made the law a study, such preparation is left to laymen of satisfactory chirography. In this case, May 2, 1896, a judgment was entered, appeal prayed by the appellant and granted, the appeal bond and bill of exceptions to be filed within thirty days.

The record states that May 27, 1896, it was "ordered that the time to file the bill of exceptions herein be, and is hereby extended twenty days." The record further states that June 9, 1896, it was "ordered that the time to file the bond and bill of exceptions herein be, and the same is hereby extended twenty days, and it is ordered that said order be entered *nunc pro tunc*, as of May 27, A. D. 1896." June 3, 1896, the appeal bond was filed. The appellee moves this court now to dismiss the appeal, also to strike the bill of exceptions from the case. The latter motion we shall not consider, for if no appeal is here because the bond was filed too late, we have no authority to do more than dismiss it.

May 2d was in the April term, May 27th in the May term, and June 9th in the June term. Whatever might be said of the validity of the order of May 27th, as being made before the original time for filing the bill of excep-

tions had expired, and therefore effectual as to the bill, nothing can be urged in support of the order of June 9th. U. S. Life Ins. Co. v. Shattuck, 159 Ill. 610.

The control of the court over the matter of the time for filing a bond, had expired June 1, 1896. The appellant relies upon other proceedings of the court below, to which we can do justice only by taking from the abstract literally as follows:

" Order of October 6, 1896, being in words and figures as follows, to wit:

On motion of the defendant's attorneys, it is hereby ordered, for the purpose of correcting and amending the record entered in this cause on the 27th day of May, 1896, and the 9th day of June, 1896, that the following be added *nunc pro tunc*, as of the 9th day of June, 1896, to the record made in this cause on the 9th day of June, 1896, by the court, but by mistake or inadvertence, omitted from the record thereof.

This order being entered for the purpose of correcting and amending the record made in this cause on the 27th day of May, 1896, said order as in fact made by the court on said date having extended the time to file bond and bill of exceptions twenty days, but having been incorrectly entered of record by omitting therefrom the extension of time of twenty days to file bond.

### BILL OF EXCEPTIONS.

Filed October 6, 1896.

Cause coming on to be heard upon motion of the defendant to amend the record on the 6th day of October, A. D. 1896, in support of said motion the defendant read, and the court considered a certain affidavit in words and figures as follows:

' I, A. F. Reichman, being duly sworn, on oath depose and say :

That I am one of the attorneys for the defendant in the above entitled cause; that on the 2d day of May, 1896, a judgment was rendered against the defendant therein, and

an appeal prayed and allowed and thirty days given within which to file bond and bill of exceptions.

That on the 27th day of May, 1896, pursuant to the usual and regular notice given, an order was entered in this cause, on motion of the defendant, extending the time to file said bond and bill of exceptions twenty days.

That by mistake or inadvertence the said order as made by the court was incorrectly entered of record in this, that said order as recorded made no reference to the extension of time to file said bond as ordered by the court.'

That said bond was thereafter duly approved and filed on, to wit, the 3d day of June, 1896.

That the attorneys for the said defendant did not learn of the mistake made in entering of record the order of May 27, 1896, until the 8th day of June, 1896, when I immediately, on said 8th day of June, 1896, served notice upon the attorneys for said plaintiff that the defendant would, on the 9th day of June, 1896, ask the court to enter an order correcting and amending the record of the order made and entered on the 27th day of May, 1896, hereinbefore mentioned.

That on the said 9th day of June, 1896, pursuant to said last mentioned notice, I appeared before his honor, Judge Barton Payne, of this court, who then and there signed and entered a written order prepared by myself, which said order was substantially as follows, to wit:

' On motion of the defendant's attorneys it is ordered that the time to file bond and bill of exceptions herein, be and is hereby extended twenty days *nunc pro tunc*, as of May 27, 1896, this order being entered for the purpose of correcting and amending the record of the order made in this cause on the 27th day of May, 1896, said order as in fact made by the court on said date having extended the time to file bond and bill of exceptions, and by mistake or inadvertence, having been incorrectly entered of record by omitting therefrom the extension of time to file bond.'

That said order, together with the notice above referred to, was handed to, and left with, the minute clerk of said court.

That since the said 9th day of June, 1896, I have not seen said written order, signed as aforesaid.

That on the 2d and 3d day of October, 1896, I made a diligent search for the same, in the office of the clerk of this court, but was unable to find the same, either in the files of said cause or in said office.

That the said order so prepared and signed and entered as aforesaid, was not spread upon the records of this court, but instead and in lieu thereof, the following record entry of said order was made, to wit:

' On motion of the defendant's attorney, it is ordered that the time to file bond and bill of exceptions herein be, and is hereby, extended twenty days, and it is ordered that said order be entered *nunc pro tunc*, as of May 27, 1896.'

A. F. REICHMANN.

Subscribed and sworn to before me, this 5th day of October, 1896.

[SEAL.]                                     JOHN E. ERWIN,
Notary Public."

The above affidavit being filed, and the said motion made, in pursuance of a certain notice, as follows:

"You are hereby notified that on Tuesday, the 6th day of October, 1896, at 10 o'clock A. M., before his honor, John Barton Payne, in the court room usually occupied by him, we shall ask for an order correcting and amending the record of the order heretofore entered on the 27th day of May, 1896, and on the 9th day of June, 1896, in accordance with the facts and the order in fact made by the court in the above cause; and that upon said hearing we shall use the affidavit of A. F. Reichmann, hereto attached, in support of said motion, at which time and place you may appear if you see fit.

Dated October 15, 1896.

BURTON & REICHMANN,<br>Attorneys for Defendant.

Service of the above notice accepted this, the 5th day of October, 1896.                     ALBERT N. EASTMAN,
Attorney for Plaintiff."

Which was all the affidavits, records, writings, and evidence offered, heard or considered by the court on the hearing of said motion. Thereupon the court entered a certain order in words and figures as follows:

(Order of Oct. 6, 1896.)

To the consideration of which motion, the reading and consideration of said affidavit, and the entry of said order, plaintiff excepted."

It will be observed that the order of October 6th is based wholly and exclusively upon the affidavit and notice recited in the bill of exceptions, so that in fact the amendment is made upon the recollection of the attorney, and nothing else.

That is not enough. Tynan v. Weinhard, 153 Ill. 598, so decides, and cites many cases.

The effort of the appellant was not to restore a record which had once existed—afterward lost or destroyed—but to make a record of matter which has never gone into the record at all.

The appellant has filed here a couple of pages, which the clerk of the Superior Court certifies are copies of notices filed in his office. We can not so regard them; such documents can come here only by being incorporated in a bill of exceptions. Bowlan v. Lambka, 57 Ill. App. 334.

The bond being filed too late, the appellee is entitled to have his motion to dismiss sustained. Wormley v. Wormley, 96 Ill. 129; and it is done at the cost of appellant.