Dearborn Foundry Co. v. Rielly.

## Dearborn Foundry Company v. George Rielly.

79    281
90    95

79    281
102   ³420

79    281
108   ³586

79    281
110   ⁴320

1.  BILL OF EXCEPTIONS—*May be Amended at a Subsequent Term.*—A bill of exceptions which does not fairly and truly represent what actually transpired during a trial may be amended at a subsequent term, by order of the trial judge, upon motion and notice to the adverse party, so as to make it conform to the real facts, especially if no intervening rights will be sacrificed thereby.

2.  SAME—*When Signed and Sealed by the Trial Judge, and Filed in the Cause, Becomes a Part of the Record.*—When signed and sealed, and filed, the bill of exceptions becomes a part of the record, and stands upon the same footing, and after the term, can be amended the same as any other part of the record.

3.  · PRACTICE—*An Exception to Overruling a Motion for New Trial a Prerequisite to Considering the Sufficiency of the Evidence on Appeal.*—A motion for a new trial, and an exception to the order of the court overruling the same, is a prerequisite to a consideration upon appeal of the sufficiency of the evidence to support the verdict, but instructions may be considered without such motion and exception.

4.  APPELLATE COURT PRACTICE—*Where the Bill of Exceptions Contains No Motion for a New Trial.*—The Appellate Court may properly refuse to consider an assignment of error which questions the correctness of the action of the trial court in giving or refusing instructions, where the bill of exceptions contains no motion for a new trial, no decision of the court in overruling such a motion, and no exception to such a decision.

5.  SAME—*Motions for a New Trial Necessary.*—The sufficiency of the evidence to support a verdict can not be inquired into, upon appeal, where the trial is by jury, unless there is a motion for new trial and an exception preserved to the overruling of the same; but where the propriety of giving or refusing instructions is sought to be presented, neither a motion for a new trial nor all the evidence in the case is required to be inserted.

6.  WAIVER—*A Promise to Pay, Where a Waiver of Defects.*—A promise to pay for an article, with knowledge of its defects, is a waiver of such defects, and a person so promising is estopped from setting up such defects as an excuse for non-payment.

7.  INSTRUCTIONS—*Assuming the Existence of Material Facts.*—An instruction which assumes the existence of a material fact in dispute, is erroneous.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

J. S. McCLURE and HAMILTON ANDERSON, attorneys for appellant.

ALBERT N. EASTMAN, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A motion, reserved to the hearing, was made to strike from the record a certain amendment to the bill of exceptions, made after the lapse of the term at which the original bill of exceptions was signed and sealed by the circuit judge, and filed in the cause in that court.

A bill of exceptions which, through inadvertence, omission or mistake, does not fairly and truly represent what actually transpired in the trial court that is material to the case, may be amended at a subsequent term, by order of the trial judge, upon motion and due notice to the adverse party, so as to make it conform to the real facts, especially if no intervening rights will be sacrificed thereby. Heinsen v. Lamb, 117 Ill. 549; People v. Anthony, 129 Ill. 218.

On the other hand, a bill of exceptions, when signed and sealed by the trial judge and filed in the cause, becomes a part of the record and stands upon precisely the same footing as any other part of the record, and after the term has passed can be amended only as any other part of the record may be. Heinsen v. Lamb, *supra*.

It is not amendable upon parol proof; there must be some minute, entry or memorandum upon the judge's docket, or in the record or files, upon which to base the amendment. It can not be done from the memory of witnesses, or by the recollection of the judge himself. Judgments and records of courts can not be permitted to rest upon so uncertain a foundation.

The decisions are numerous, and cover almost every phase of the question. Some of them, in addition to those already cited, are: Tynan v. Weinhard, 153 Ill. 598; Same case, 53 Ill. App. 17; C., M. & St. P. Ry. Co. v. Walsh, 150 Ill. 607; Gebbie v. Mooney, 121 Ill. 255; Scott v. Schnadt, 67 Ill. App. 545; Hotel Co. v. Johnson, 57 Ill. App. 608.

But whether the bill of exceptions in this case was properly amended in the manner here done, and upon what the trial judge had before him to amend by, need not be decided, for though we consider only the bill of exceptions as it was before amendment, the judgment must be reversed for error in the instructions.

Before amendment, the bill contained no exception to the overruling by the trial judge of appellant's motion for a new trial. In all other respects it was admittedly complete. A motion for a new trial and an exception to the order of the court overruling the same, is a prerequisite to a consideration, upon appeal, of the sufficiency of the evidence to support a verdict. Firemen's Ins. Co. v. Peck, 126 Ill. 493.

But instructions may be considered without such motion and exception. '

The case of I. C. R. R. Co. v. O'Keefe, 154 Ill. 508 (same case, 49 Ill. App. 320), was one wherein the Appellate Court for the Fourth District refused to consider, on their merits, certain assignments of error which questioned the correctness of the action of the trial court in giving and refusing instructions, because the bill of exceptions contained " no motion for a new trial, no decision of the court in overruling such a motion, and no exception to such a decision." (Quoted from the Appellate Court opinion.)

Upon appeal to the Supreme Court, it was there held to be a settled rule that the sufficiency of the evidence to support a judgment can not be inquired into, upon appeal, where the trial was had by jury, unless there was a motion for new trial and an exception preserved to the overruling of the same; " but where the propriety of giving or refusing instructions is sought to be presented, neither a motion for new trial nor all the evidence in the case is required to be inserted " in the bill of exceptions; and the court, in its opinion, then proceeded to say: " At common law, the correctness of the charge of the judge was always subject to review when it was properly incorporated in the bill of exceptions, as here, and such is the rule declared by the decis-

ions of this State, regardless of the fact that a motion for new trial is not in the bill of exceptions." And thereupon, after citing and quoting from a number of decisions, it was held to have been " the duty of the Appellate Court to determine the correctness of instructions" given and refused, " notwithstanding the fact that no motion for a new trial appeared in the bill of exceptions;" and the judgment was reversed for errors found by the Supreme Court itself to exist in certain of the instructions.

This is the latest decision of the Supreme Court upon the subject of which we have information, and we follow it, notwithstanding the cases cited by appellee, notably, East St. L. Electric R. R. Co. v. Cauley, 148 Ill. 490, where a part of the language of the opinion seems, considered by itself, to express a different rule.

Proceeding, then, to consider the instructions in the record, we find the second instruction asked by the plaintiff (appellant) was refused by the court.

There was evidence tending to show that after the rubbing bed in question was manufactured and delivered to the defendant, and used by him without objection to it, a bill for the contract price was presented to the defendant on two different occasions, by two different agents of the plaintiff, and that on each occasion the defendant promised to pay the bill, and made no objection to its correctness upon any ground.

Under such circumstances, the instruction, or one similar to it, should have been given. There was none other that embraced the question of a promise by defendant to pay. A promise to pay for an article, with knowledge of its defects, if any, is a waiver of the defects. One so promising is estopped from setting up the defects in excuse of non-payment.

The fourth instruction given at the request of the defendant was erroneous in that it assumed the existence of a material fact in dispute, to wit, that the rubbing bed was unfit for the use for which it was ordered and intended. The existence of any material fact in controversy, upon

which the evidence is conflicting, should never be assumed in an instruction as to the law of the case.

These are, perhaps, the only instructions which we can consider without considering the sufficiency and effect of the evidence, upon which we may not enter in the absence from the bill of exceptions of an exception to the overruling of the motion for a new trial.

For the error concerning instructions the judgment is reversed, and the cause remanded to the Circuit Court.   Reversed and remanded.