FIRST NATIONAL BANK OF MICHIGAN CITY ET AL.

v.

SIMON D. HASKELL AND HENRY E. BROWN.

*Practice—Bills of Exceptions—Evidence—" Thereupon."*

1.   Where the trial is by the court and the bill of exceptions does not purport to contain all the evidence, it will be presumed that there was sufficient evidence to warrant the findings and judgment.

2.   The bill of exceptions, being the pleading of the party alleging error, is construed most strongly against him.

[Opinion filed November 9, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HARVEY H. ANDERSON and JOHN W. ELA, for appellants.

Messrs. TENNEY, BASHFORD & TENNEY, for appellees.

BAILEY, J.   In this case Haskell, Brown & Company brought suit by attachment against William Mellors and William Mellors, Jr., and caused the First National Bank of Michigan City and others to be summoned as garnishees. The answers of the garnishees having been traversed, a trial was had upon the issues thus formed before the court, a jury being

waived, resulting in a finding and judgment against the gar-
nishees. No questions of law were raised at the trial, and the
only contention now is, that the evidence fails to support the
finding and judgment. We are of the opinion that the ques-
tion thus presented is not open to consideration here, owing to
the fact that the bill of exceptions does not purport to contain
all the evidence. Under such circumstances, it will be pre-
sumed that there was sufficient evidence before the court to
warrant teh judgment.

There are certain recitals in the bill of exceptions which
counsel for the appellant insists are sufficient to show that all
the evidence is preserved. We think otherwise. The bill
recites that on the trial of the issues between the plaintiffs
and the said garnishees " there was given in evidence, on behalf
of said interpleader, the following deposition of Walter Vail,
together with the exhibits therein mentioned, which deposi-
tion was also considered by the court in the issues between the
said plaintiffs and the said garnishees." After the copy of
the deposition and exhibits, it again recited as follows: " The
plaintiffs offer in evidence in support of their side of the issues
in this case, the following deposition of William Blinks and
William R. Mellors, and also the statutes of the State of
Indiana, in words and figures following." The documents
thus offered are inserted, and that the bill recites that " the
plaintiffs also offered in evidence the deed of assignment under
the laws of Indiana, from the defendants to William Blinks,
which deed is as follows." After the copy of said deed is the
following: " It was conceded on the trial that the plaintiffs
were residents of the State of Illinois when this suit was begun
and still are; and thereupon the court announced that his find-
ing was against the interpleader and garnishees." These are
all of the recitals in the bill of exceptions bearing upon the
question.

We are unable to perceive how a legal conclusion can follow
from these recitals that all the evidence heard on the trial is
preserved in the record. It should be remembered that the
bill of exceptions is the pleading of the party alleging errors,
and like all other pleadings it is to be construed most strongly

against the pleader. It is suggested that the word "thereupon" should be construed as meaning "upon the foregoing evidence," so as to make the case analogous to Reed v. Bradley, 17 Ill. 321. Such, however, is not the usual signification which the rule of interpretation above referred to, should give it. "Thereupon" is an adverb signifying, according to Webster, "immediately," "at once," "without delay," and it is in that sense that it would ordinarily be understood in the connection in which it is here used. To say the least, it fails to give to the bill of exceptions that degree of certainty which the rules of pleading require.

The judgment will be affirmed.

*Judgment affirmed.*