### Henry Horn v. Mary Yates.

1. APPELLATE COURT PRACTICE—*Where the Bill of Exceptions Does
Not Purport to Contain All the Evidence.*—In the absence of a state-
ment in a bill of exceptions that it contains all the evidence, the court
will presume that there was evidence sufficient to sustain the verdict.

2. SAME—*Error Must Appear.*—Everything on which error is
assigned must appear in the abstract.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Perry County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

BENJAMIN W. POPE, attorney for appellant.

W. A. SWARTZ and I. R. SPILMAN, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Appellee, widow of William Yates, sues to recover damages for the death of her husband, caused by falling into a "sump" in a coal bank, into which the water drained, charging willful negligence on the part of appellant in failing to have said "sump" securely planked.

Section 8 of chapter 93, entitled Miners, provides that "all sumps shall be securely planked over so as to prevent accidents to men."

The deceased was a shift hand in the mine and had been working there about two months. Such hands hauled timbers and props to the men, shoveled dirt, cleared obstructions from the track, etc. He was on the "night shift," and on the morning of June 13th had started to go home with Owen Connaughty, a fellow-laborer. When they reached the bottom of the shaft Frank Rosnoski, who had charge of the pump, called to Connaughty and told him that the pump was out of order and that he would have to go and fix it. Connaughty objected, saying that he could do nothing with it. Yates said to him to go and that he would go with him. The "sump" was off the line of travel in the bank but had to be reached in order to fix the pump. Yates, Connaughty and Rosnoski went to the "sump" and assisted in propping up the pump. The sump was from fifteen to twenty feet long and ten feet wide. There were two planks across the "sump" twelve to fifteen inches wide, which was all the covering it had.

While Connaughty, Rosnoski and Yates were engaged in propping up the pump, a pry or lever seems to have been broken, by which Yates was thrown into the "sump,"

the water in which was heated by exhaust steam, and from the injury then received, died a few days afterward.

The certificate of the judge does not state that the bill of exceptions contains all the evidence. In the absence of such a statement, the court presume that there was evidence sufficient to sustain the verdict. Fuller v. Bates, 6 Ill. App. 444; First Nat. Bank of Michigan City v. Haskell, 23 Ill. App. 616; Coggshall v. Beesley, 76 Ill. 446; Miner v. Phillips, 42 Ill. 123; C., M. & St. P. R. R. Co. v. Walsh, 51 Ill. App. 584.

The instructions are not abstracted at all, but only referred to by pages in the record.

"Everything on which error is assigned must appear in the abstract." City Electric R. Co. v. Jones, 161 Ill. 47; Gibler v. City of Mattoon, 167 Ill. 22; Mahon v. Gaither, 70 Ill. App. 436.

For these reasons the judgment is affirmed.

We have, however, examined the evidence, as given in the bill of exceptions, and are satisfied that it supports the verdict of the jury. Nor do we find substantial error in the instructions criticised. Judgment affirmed.