Pointon v. St. Louis, A. & T. H. R. R. Co.

---

Isaac Pointon v. The St. Louis, A. & T. H. R. R. Co.

1. BILLS OF EXCEPTION—*Not Aided by Statements of the Reporter.*— A bill of exceptions which fails to state that it contains all the evidence in the case is not aided by the statement of the reporter. The making of a bill of exceptions is a judicial act and can not be delegated.

2. HAZARDS—*Of an Employment. When Voluntarily Assumed.*— When the sending out of a work train without a conductor is the proximate cause of an accident, experienced employes, who, with knowledge

of the fact, start with the train and work upon it, assume the increased risk incident to its having no conductor.

Trespass on the Case, for personal injuries. Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

Statement.—Plaintiff in error had been a locomotive fireman for two years prior to his injury. On September 6, 1894, the train crew, of which he was one, received orders to leave Pinckneyville, and run with an extra work train to Grantsburg, a station on the line of defendant in error, some ninety miles south of Pinckneyville. They left Pinckneyville about three o'clock in the afternoon. The crew was composed of William F. Perry, engineer, J. Q. Adams, brakeman, and plaintiff in error, the fireman. There was no conductor sent out with the train.

They left Pinckneyville with an engine, ten flat cars and a caboose, and proceeded to Simpson, another station on the line of defendant in error. At Simpson there was something said about going to Grantsburg, to meet No. 28. They started for Grantsburg, a distance of five miles, and about one mile north of the station the work train collided with No. 28, the mail train going north. The mail train had the right of way against all other trains, and was on time. The collision occurred at 8:15 o'clock P. M., it being dark, and the headlights burning on both engines. A short time after the collision, a comparison of watches disclosed that those of the plaintiff in error and J. Q. Adams, both of the work train, were with those of the crew of the mail train, and that the watch of Perry, the engineer of the work train, was two minutes too slow.

This was an action in case for damages to plaintiff in error, and at the close of the evidence the court gave to the jury a peremptory instruction directing them to find the issues in favor of the defendant.

The declaration contains two counts, the first of which counts on the negligence of defendant in not sending out a conductor on the work train on which plaintiff was working, and its negligence in allowing the said train to go out

without first giving proper and definite instructions for the running of it.

No evidence was offered to sustain the second count, and counsel for plaintiff in error say in their brief that plaintiff abandoned this count.

WEBB & WEBB, attorneys for the plaintiff in error.

GUSTAVUS A. KOERNER and VICTOR K. KOERNER, attorneys for defendant in error; JOHN G. DRENNAN, of counsel.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Defendant in error asks that the judgment be affirmed upon the ground that the bill of exceptions nowhere states that it contains all the evidence.

The only statements in the bill of exceptions referring to the evidence are immediately preceding the testimony, and are as follows : "Be it remembered that on the trial of this case, at this term, the plaintiff, to sustain the issues on his part, introduced the following evidence, that is to say; " and at the close of the evidence the statement " the plaintiff rested."

These statements are not sufficient to show that the bill of exceptions contains all the evidence. It is a pleading of the plaintiff in error, and as such it is to be construed most strongly against him. All that the statements affirmatively show is that the evidence contained in the bill of exceptions was introduced, but it fails to show that no other evidence was introduced. In addition to this, they are the statements of the reporter, and not of the judge. The making of a bill of exceptions is a judicial act and can not be delegated. Bank of Michigan v. Haskell, 23 Ill. App. 616; Coggshall v. Beesley, 76 Ill. 446; Culliner v. Nash, 76 Ill. 515.

But assuming that it does contain all the evidence that was introduced, there was no error in instructing the jury to find for the defendant.

Admitting that it was negligence on the part of defend-

ant to send out this work train without a conductor, and
that this was a proximate cause of the accident, plaintiff in
error knew that the train had no conductor. He was an
experienced railroad man, and by voluntarily starting with
and working on the train when it had no conductor, he
assumed the increased risks incident to its having no con-
ductor. C. & E. I. R. R. v. Geary, 110 Ill. 383.

If the accident occurred through the engineer's watch
being too slow, plaintiff in error was a fellow-servant with
the engineer and for that reason can not recover.

The case made out by plaintiff in error's evidence, as con-
tained in the bill of exceptions, precludes a recovery.

The judgment is affirmed.