# Nancy A. Young, Administratrix, Appellee, v. City of Fairfield, Appellant.

1. BILL OF EXCEPTIONS—*setting out documentary evidence.* Where the bill of exceptions does not show what the contents of a document offered in evidence were, a court of review cannot say there was error in refusing to admit it.

2. APPEALS AND ERRORS—*presumptions as to evidence.* Where there is no certificate of the trial judge, that the bill of exceptions contains all of the evidence introduced upon the trial of the cause, the appellate court will presume that the evidence was sufficient to support the verdict.

3. APPEALS AND ERRORS—*certificate as to evidence.* The certificate of the reporter that the transcript contains all the evidence, cannot be taken as a substitute for the certificate by the judge.

4. APPEALS AND ERRORS—*certificate as to evidence.* The making of a certificate to show that the bill of exceptions contains all the evidence is a judicial act and cannot be delegated by the judge.

5. APPEALS AND ERRORS—*instructions.* The giving of an instruction that "deceased must have exercised due care and caution for his own safety, and if the plaintiff failed to prove by a preponderance of the evidence that deceased did exercise good care and caution for his own safety, you must find in favor of the defendant" incorrectly modified by inserting "not" between the words "did" and "exercise" is not reversible error where the instruction in connection with the other instructions was not misleading.

6. INSTRUCTIONS—*ambiguity.* Whether or not an instruction is misleading, error depends, not on what the ingenuity of counsel can at leisure work out the instruction to mean, but how and in what sense, under the evidence and the circumstances of the trial, ordinary men would understand it.

7. INSTRUCTIONS—*repetition.* Repetition of instructions is not reversible error where it is not shown that harm has been done.

8. INSTRUCTIONS—*reference to ad damnum.* The fact that an instruction contains a clause referring to the *ad damnum* is not in itself reversible error.

9. INSTRUCTION—*preponderance of evidence.* The use of the words "That if the evidence preponderates but slightly," does not constitute error.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Wayne county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 27, 1912.

L. A. McLAIN, for appellant.

BOGGS, BOGGS & HERDINGER and COOPER & BURGESS, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This is an appeal from the Circuit Court of Wayne county to reverse a judgment of nine hundred dollars rendered against the appellant.

The declaration in this case alleges that the appellant was operating an electric light plant within its corporate limits for the purpose of lighting the public streets of said city, and that in the operation of its said plant it was possessed of and using certain poles, wires, cables, metal rings, hooks, electric arc lamps and appliances in and along its streets and alleys, and that it was the duty of the appellant to keep its said wires properly insulated and other appliances in proper repair so that when its said wires were charged with electricity persons might pass along and upon its public streets without danger of injury therefrom. That it negligently permitted a certain arc lamp and its appliances charged with electricity and suspended over Main street at or near the Baltimore and Ohio South-Western Railroad to become uninsulated, broken, defective, unsafe and out of repair and negligently permitted one of its wire cables attached to said arc lamp to be and remain uninsulated and in such condition to extend to and downward along a certain pole used to support said lamp, to a certain metal hook within about five feet of the ground and to be attached to said hook by means of a metal wire and had knowingly permitted the same to remain there for a long space of time. That the said wire, cable, metal ring and metal hook became and were then and there charged with electricity and that while Tobe Young, the deceased, in the exercise of due care and caution

for his own safety was upon the said street and near the said pole, his hand and body came in contact with said cable, hook and ring, charged with electricity as aforesaid, and he was then and there instantly killed. To this declaration appellant filed the general issue.

It appears from the evidence, transmitted to this court, that the appellant was engaged in the business of operating an electric light plant within its corporate limits; that the streets were lighted by electricity through or by means of arc lamps suspended across the streets and that one of said lamps was located over Main street at or near the intersection of said street with the Baltimore & Ohio South-Western Railroad and that the lamp was held in position by poles erected at opposite sides of the street, and that for the purpose of raising and lowering said lamp, when necessary to be cleaned or replenished, a wire cable was attached to said lamp, and as described by the city engineer, "One pole stands east of railroad and north of wagon road, and the other on west side of railroad and south side of wagon road; they are connected at the top by a span wire; in the center of span wire is a pulley and at the top of the southwest pole of the span wire is another pulley; a metal cable runs through the center pulley then parallel with the span wire to the southwest pole, thence down the pole to a ring which hooks over a screw in the pole. The electric lamp hangs below the center pulley of this cable. The lamp is supported by a hood. From the light to the pole where it is fastened there is no insulation. The light is fed by electricity from copper wires. These I have described are iron. The copper wires are attached to porcelain insulators on each end of a cross-arm about twenty-three to twenty-six inches in length on the hood above the lamp. The voltage of the current used varies according to the number of lights in use, usually about twenty-five hundred to twenty-six hundred volts. The lamp hood was metal. The wires after leaving the cross-arm come down under the hood, clear of the metal and up in to the hanger board,

which is wood, connected into that, and the lamp is hung from the hanger board by means of two hooks on each board  *  *  *.  Strain insulators are used in connecting any line in circuits placed in arc lights, where you want to break the circuits used in guy lines in protection from grounds or in any way you want to protect a machine from grounds.  They are used on metal cables for raising and lowering lights to keep the electricity from coming down the wire.  They consist of two pieces of metal, each having an eye and separated and insulated by mica.  When they are in good repair they are non-conductors.  There was none of these insulators on this wire at that time.  Wood is not a conductor of electricity; wet wood is.  *  *  * There was not one of those on that wire at that time. It rained on the fourth of July a good hard rain.  This light had been hanging there in the street since November, 1888.  I placed the metal cable on it some time in 1902 or 1903, maybe.  There had not been any of these insulators on there any of this time, to my knowing.  I took charge of the plant in April 1910, and plaintiff's intestate was found dead July 5th, in the morning.  During that time there were none of these insulators on that wire.''

It appears from the evidence that the deceased was last seen alive about eleven o'clock on the night of July 4th, and on the morning of July 5th he was found dead, at a distance of from two to four feet from the pole south of the depot; the pole was in the street and about forty feet from the sidewalk where people usually traveled upon this street.  The evidence tends to show that when last seen alive the deceased had the appearance of having been drinking some, but not of being intoxicated, and that when found dead his hand had the appearance of having been burned by electricity.  This, however, was disputed and several physicians were called and testified that in their opinion he was not killed by a shock from electricity.  It appears, however, from cross-examination that there is a

difference of opinion in the text-books as to the effect that death by electricity has upon the flesh of the body. Other witnesses testified that from the appearance of the hand and the body, in their opinion he was killed by a shock of electricity, and that they had seen electricity burns before. It further appears that the deceased usually passed along the street in question when going to his home, but on the opposite side and about forty feet from the place where he was found dead. The evidence as to how he came to his death is not of a conclusive character.

Counsel for appellant insists that the court erred in refusing to admit the coroner's verdict in evidence. The record shows that while the coroner was upon the witness stand appellant asked him if he had the verdict of the jury and he said he did, but it was not with him, and the verdict was offered, (and so far as this record shows, without being present) to which appellee objected and the objection was sustained. It was not made an exhibit and does not appear in this record and this court cannot tell what the proffered verdict contained, and in order to have the question reviewed it is necessary that it be preserved in the bill of exceptions. It is said in the case of Chicago Trust Co. v. Goldsmith, 173 Ill. 328, "But we cannot determine this question from the record. It is not shown by the bill of exceptions what the contents of this alleged proof of claim were. It is nowhere set out and in the absence of any knowledge, from the record, of the contents of the paper offered, if it was offered, a court of review cannot say there was error in refusing to admit it in evidence." Unless the verdict is in the record it is impossible for this court to determine whether or not appellee was prejudiced by the refusal, or whether it was even proper to be received in evidence. In the case of Ring v. Lawless, 190 Ill. 527, the court says, "The record does not contain the official transcript, and aside from all other questions as to the admissibility of that item of evidence, the complaint

must, be overruled for the reason we cannot, in the absence of the transcript, determine whether it was proper to be received in evidence." We do not think this assignment of error well taken.

It is strongly urged by counsel for appellant that it does not appear from this record that the appellant was negligent in the maintaining of its electric wires and cables, or that the deceased was killed by coming in contact with the wire, or that the deceased was in the exercise of due care and caution for his own safety; and very properly insists that the law is, that before the appellee can recover it is necessary to prove all of these facts. Counsel for appellee meet this objection by saying, first, these were questions of fact to be determined by the jury, and second, that there is no certificate of the trial judge that the bill of exceptions contains all of the evidence introduced upon the trial of the cause and that in the absence of such a bill of exceptions as the law requires the presumptions are all in favor of the verdict and judgment, and the Appellate Court will presume that the evidence was sufficient to support the verdict. In the absence of such a certificate the Appellate Court will not examine to see if that which appears in the record does sustain the verdict. Lindgren v. Swartz, 40 Ill. App. 488; Culliner v. Nash, 76 Ill. 515.

The appellant insists that it appears by the certificate of the reporter, and the announcement of the plaintiff and the defendant that they have no further evidence to offer, is sufficient to warrant this court in considering the evidence. We cannot agree with counsel for appellant in this contention as our courts have held that even where the reporter who reported the evidence on the trial, adds a certificate at the foot of the testimony that the foregoing is all of the evidence in the case, but the judge before whom the cause was tried does not state that the bill of exceptions contains all of the evidence or that the certificate of the reporter is even a part of the record, that it cannot be

taken as a substitute of the certificate by the judge. Cogshall v. Beesley, 76 Ill. 445; Pointon v. St. L. A. & T. H. R. R. Co., 90 Ill. App. 623. The making of this certificate is a judicial act and must be performed by the judge. The authority cannot be delegated to the reporter and cannot even be delegated to the parties to make a bill of exceptions by agreement. Mallers v. Whittier Machine Co., 170 Ill. 434; Pointon v. St. L. A. & T. H. R. R. Co., *supra*. The law is well settled that where such a certificate from the judge is not incorporated in the bill of exceptions that the Appellate Court must presume that the jury and the court were warranted in finding the verdict and judgment rendered, and we cannot interfere with such verdict on an appeal.

Appellant contends that the court erred in modifying its instruction No. 2, which is as follows:

"The court instructs you that the deceased must have exercised due care and caution for his own safety, and if the plaintiff failed to prove by a preponderance of the evidence that the deceased did *not* exercise due care and caution for his own safety you must find in favor of defendant City of Fairfield."

This instruction was modified by inserting the word "*not*" therein, which we have underscored. It is said by counsel for appellant that the instruction as modified does not state the law correctly and renders the instruction ambiguous, uncertain and misleading. We think the trial judge should have given the instruction as offered and that it was an oversight by him in inserting the word "*not*" therein but we are not prepared to say that the insertion of this word was of such a serious character as to be reversible error. The instructions both for the plaintiff and the defendant must be taken and considered as a series, and many of the instructions told the jury plainly that before the plaintiff could recover it must appear from the evidence that the deceased was using due care and caution for his own safety; and a casual reading of this instruction would, as we think, have impressed the mind,

under the circumstances connected with the other instructions, of an ordinary man as directing the jury that unless the deceased was in the exercise of due care for his own safety they must find in favor of the city; while ingenious counsel at its leisure has been able to point out the criticism offered, we cannot believe that it impressed the jury in the same manner that it did him. The true test for determining such matters is laid down in the case of Funk v. Babbitt, 156 Ill. 408, and repeated in the case of Union Traction Co. v. Lowenrosen, 222 Ill. 509, "The test then, is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions." We are satisfied that when this instruction is tested by this rule that the jury could not have been misled by it, and that it was not reversible error.

Instruction No. 2 of appellee is criticised because it mentions the *ad damnum*. And Nos. 10 and 11 because they are a repetition; and because No. 12 used the words, "That if the evidence preponderates slightly." It is true that our courts have criticised instructions that are a repetition, and containing a clause referring to the amount of damages but we cannot see for what reason, or upon what principle this could be taken as reversible error, and we are not referred to any authority showing it to be such. Instruction No. 12 is also criticised because it says, "If the plaintiff's evidence preponderates but slightly it would be sufficient, etc." This instruction was approved by the Supreme Court in the case of Hanchett v. Haas, 219 Ill. 548, and in other cases.

From a careful consideration of this case we do not see that any such error has been committed as to warrant this court in interfering with the verdict and judgment of the trial court, and the judgment is affirmed.

*Affirmed.*